Ralph BEN–SCHOTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 522–82.

Court of Criminal Appeals of Texas,
En Banc.

Sept. 22, 1982.

David L. Capps, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Molly Naylor, and A. Ross Rommel, Asst. Dist. Attys. Houston, Robert Huttash, State's Atty., Austin, for the State.

OPINION

W. C. DAVIS, Judge.

Appeal is taken from a conviction for a violation of the Texas Securities Act. After the jury found Appellant guilty, the court assessed punishment at 3 years. The Court of Appeals affirmed Appellant's conviction. *Ben–Schoter v. State*, 634 S.W.2d 28 (Tex.App.—Beaumont 1982). Appellant's motion for rehearing was overruled without opinion.

In his petition for discretionary review, Appellant contends that the court erred in overruling his motion to quash the indictment. In its opinion, the Court of Appeals stated that it had "doubts as to the preservation of the complaint for appellate review." Such doubts were raised due to the fact that the Court stated that Appellant's motion to quash was not presented to the trial court.

We have examined the record on appeal, and find that the motion to quash was in fact presented to the trial court. A hearing was held on the motion and it was overruled. Therefore, Appellant's ground of error concerning the trial court overruling his motion to quash the indictment was in fact preserved for review.

In his petition for discretionary review, Appellant further contends that the trial court erred in its charge to the jury. The Court of Appeals refused to address this ground of error on the basis that it was multifarious and presented nothing for review. However, Article 40.09(9), V.A.C.C.P., states in part:

"... and if the court, upon consideration of such ground of error in light of the arguments made in support thereof in the brief, can identify and understand such point of objection, the same shall be reviewed notwithstanding any generality, vagueness, or any other technical defect that may exist in the language employed to set forth such ground of error."

We have examined Appellant's brief and find that although the ground of error is in

fact multifarious, the Court of Appeals could have identified and understood his various contentions concerning the court's charge. We therefore find that the Court of Appeals should have directly addressed Appellant's contention.

Therefore, pursuant to the authority conferred on this Court by Articles 44.37 and 44.45(b), V.A.C.C.P., and Rule 304(k) (Tex. Cr.App. Rules), Appellant's petition for discretionary review is granted and this cause is remanded to the Court of Appeals for the Ninth Supreme Judicial District for reconsideration of Appellant's grounds of error numbers 4 and 6.

This Court expresses no opinion with respect to the ultimate disposition of the contentions, but only finds that the Court of Appeals was in error in concluding that the complaints were not properly before it for review.