**Robert BENNETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–90–00370–CR.**

Court of Appeals of Texas,
El Paso.

April 22, 1992.

Louis J. Bodnar, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., El Paso County, El Paso, for state.

Before OSBORN, C.J., and KOEHLER and BARAJAS, JJ.

## OPINION

BARAJAS, Justice.

This is an appeal from a murder conviction. Appellant was found guilty by a jury and sentenced by the trial court to a term of imprisonment of 60 years' in the Institutional Division of the Texas Department of Criminal Justice. In three points of error, Appellant seeks review of the judgment of conviction. In short, Appellant's assignments of error challenge the admissibility of his confession, the sufficiency of evidence and the excessiveness of the sentence imposed. We affirm.

In his first point of error, Appellant contends the trial court erred in overruling his Motion to Suppress and subsequently admitting his confession into evidence.

■ It is well settled that when a pretrial motion to suppress evidence is overruled, the defendant need not subsequently object at trial to the same evidence in order to preserve error on appeal. *Ebarb v. State*, 598 S.W.2d 842, 843 (Tex.Crim.App. 1980); *Riojas v. State*, 530 S.W.2d 298, 301 (Tex.Crim.App.1975); *Harryman v. State*, 522 S.W.2d 512, 516 (Tex.Crim.App.1975). However, when the defendant affirmatively asserts during trial that he has "no objection" to the admission of the complained of evidence, he waives any error in the admission of the evidence despite the pretrial ruling. *Harris v. State*, 656 S.W.2d 481 (Tex.Crim.App.1983); *Mayberry v. State*, 532 S.W.2d 80 (Tex.Crim.App. 1976); *McGrew v. State*, 523 S.W.2d 679 (Tex.Crim.App.1975). As a consequence, we need not recount the evidence in the instant case because defense counsel's action waived any alleged error when the State, at trial, offered the confession in evidence for the jury's consideration, and defense counsel affirmatively stated, "no objection." *Compare McGrew v. State*, 523 S.W.2d 679 (Tex.Crim.App.1975) with *Graves v. State*, 513 S.W.2d 57 (Tex.Crim. App.1974). Accordingly, Appellant's first point of error is overruled.

■ In Point of Error No. Two, Appellant argues the trial court erred in not acquitting him of the offense of murder since there is insufficient evidence to support a verdict of guilty beyond a reasonable doubt. When reviewing such a point, we are constrained to view the evidence in a light most favorable to the judgment to determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Humason v. State*, 728 S.W.2d 363, 366 (Tex. Crim.App.1987). The standard of reviewing sufficiency of evidence in a criminal case is identical, whether the evidence is direct or circumstantial in nature. *United States v. Hall*, 845 F.2d 1281 (5th Cir.), *cert. denied*, 488 U.S. 860, 109 S.Ct. 155, 102 L.Ed.2d 126 (1988). Consistent with this standard of review, the necessary facts will be discussed as needed.

Appellant was charged by indictment for the offense of murder. The State of Texas called two key witnesses in its case-in-chief. Detective Scott Graves of the El Paso Police Department testified that after having read the Appellant his rights pursuant to *Miranda v. Arizona*, the Appellant waived those rights and proceeded to confess as to his involvement in the death of James Morris. Appellant's confession was admitted in evidence and considered by the jury. In his confession, Appellant acknowledges striking his victim, both in the chest and jaw, causing him to pass out. Appellant admitted kicking the handle of the victim's cane up between the victim's legs. Appel-

lant, however, stated that he did not cut James' throat on purpose.

The State called Tyrone Delaney, a convicted felon, to testify at trial. Delaney was a witness to Appellant's admissions to the beating death of the victim. Delaney was also present at a subsequent encounter between Appellant, his brother and the victim. Delaney testified that at approximately 7 p.m. on March 5, 1990, he saw Appellant. Delaney further testified that Appellant was looking for his brother, Kenneth. According to Delaney, Appellant proceeded to tell him "what he had just did." In particular, Delaney testified that Appellant had told him that he had beaten the victim and "shoved a cane up his ass." Delaney further stated that Appellant said he was looking for his brother so they could go back and finish the job. Delaney testified that he, Kenneth and Appellant all returned to the victim's house, entering through a rear window. Delaney further testified that while at the victim's residence, he saw Kenneth standing over the victim with his foot on his throat, and Appellant placing a pillow over the victim's face. Delaney stated that upon leaving the residence, they removed various items from the premises. On a subsequent visit, Appellant removed a television set. Delaney testified that he called the police to report the murder. Delaney did admit to having made two conflicting statements, one of which failed to acknowledge his presence at the victim's residence.

In his defense, Appellant called seven witnesses, five of which were used by the Appellant to establish the fact that the victim was a homosexual. One of the remaining defense witnesses, Robert Sharp, himself a convicted felon, testified as to admissions allegedly made by Tyrone Delaney, which implicated Delaney in the beating death of James Morris.

■ In a case tried before a jury, the jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Mowbray v. State*, 788

S.W.2d 658 (Tex.App.—Corpus Christi 1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 999, 112 L.Ed.2d 1082 (1991). Although the witness Delaney had been previously convicted of a felony, the jury was free to accept or reject any part or all of his testimony. *See Ruiz v. State*, 654 S.W.2d 488 (Tex.App.—Corpus Christi 1983, no pet.). Likewise, the jury was free to accept or reject all or part of Robert Sharp's testimony as well as Appellant's confession.

■ On review, this Court does not resolve any conflict in fact, weigh any evidence nor evaluate the credibility of any witnesses, and thus, the fact-finding results of a criminal jury trial will be given great deference. *Juarez v. State*, 796 S.W.2d 523 (Tex.App.—San Antonio 1990, pet. ref'd); *Schofield v. State*, 658 S.W.2d 209 (Tex.App.—El Paso 1983, no pet.).

■ We have reviewed the record before us, carefully looking at all the evidence in the light most favorable to the judgment, and find that the jury in the instant case, as rational triers of fact, could have found beyond a reasonable doubt that the Appellant did in fact cause the death of James Morris. Consequently, Appellant's Point of Error No. Two is overruled.

In Point of Error No. Three, Appellant contends the sentence imposed by the trial court was excessive, in view of the facts, circumstances and evidence in the case.

■ Appellant, citing 1974 version of the Tex.Penal Code Ann. § 12.44(a), asserts that the Court of Appeals may set aside a judgment or verdict of guilty, or reduce a sentence, if after considering the gravity and circumstances of the offense committed, a court finds that such reduced sentence and punishment would best serve the ends of justice. Appellant, after having been adjudged guilty to one of the most serious crimes against the laws of man, one classified by society as a hate crime, seeks to have this Court impose the punishment for a Class A misdemeanor.[1]

---

1. An individual adjudged guilty of a Class A misdemeanor shall be punished by a fine not to exceed $3,000, confinement in jail for a term

not to exceed one year, or both fine and imprisonment. Tex.Penal Code Ann. § 12.21 (Vernon Supp.1992). Unlike a third-degree felony, there

The record before this Court clearly supports the fact that Appellant engaged in what society has chosen to graphically describe as "gay bashing." In short, James Morris, labeled a homosexual by Appellant, was beaten to death after allegedly making advances towards Appellant. Contrary to evidencing passion or prejudice, these facts clearly illustrate the brutality of Appellant's crime.

■ When assessing the appropriate punishment in a particular case, a proper balancing of the rights of the criminal defendant and his victim requires the fact finder to carefully scrutinize the events which constitute the commission of the offense, and more importantly, the effect of the offense on the intended victim. Accordingly, testimony concerning the nature and circumstances of a crime and its effect on the victim is admissible. Victim impact evidence is admissible to aid the fact finder in properly considering the full extent of the damage done to a victim, including the pain endured by a victim at the hands of the perpetrator. *Miller–El v. State*, 782 S.W.2d 892, 897 (Tex.Crim.App.1990); *Ortiz v. State*, 825 S.W.2d 537 (Tex.App.—El Paso 1992, no pet.); *Hernandez v. State*, 825 S.W.2d 765, 771 (Tex.App.—El Paso 1992, no pet.).

Appellant stated in his confession that he had gone to the victim's apartment to ask for money. He further stated that while at the apartment, the victim was sitting in a chair naked. According to Appellant, the victim told him he had a nice body, and further, he would not give Appellant any money unless Appellant did something for it. Appellant interpreted the victim's remarks as meaning he would get his money in exchange for sex. Appellant further stated that as he walked past his victim, the victim grabbed his rear. As noted earlier, the issue of the victim's homosexuality was introduced at trial by Appellant himself, rather than the State. In his confession, Appellant admitted hitting his victim in the chest and jaw, and while the victim was down, kicking the victim's cane up between his legs. As previously noted,

Appellant did state that he did not cut his victim's throat on purpose.

In the instant case, the jury heard evidence as to the severity of the beating endured by the victim. In particular, Dr. Juan Contin, the El Paso County Medical Examiner, graphically testified as to the dead victim's injuries. Dr. Contin testified that his autopsy revealed a stab wound to the tissue of the area around the victim's anus. The stab wound was approximately one inch in length and two inches in depth. The pathologist testified that the injury to the anus was sustained while the victim was still alive. Dr. Contin further testified that he has performed over 3,000 autopsies, and never before had he ever witnessed an injury to a male victim's anus as depicted in the instant case.

The record reveals that the victim suffered six fractured ribs and a torn chest wall, as well as numerous bruises to his back, neck, legs, abdomen, arms and hands. The pathologist testified that the injuries to the hands were consistent with injuries sustained by a victim acting to defend himself from further violence. He stated that a tear of the chest wall indicated the use of considerable force in the pushing in of the victim's chest cavity. The record further reveals that the victim suffered contusions to his lung as well as a tear of his liver. In all, the victim suffered the loss of three pints of blood. The victim died of internal bleeding due to blunt force beatings that could have been caused by fists or kicks.

■ This Court has the authority to review Appellant's question of whether his punishment is excessive; however, in the absence of evidence tending to show that the punishment assessed was the result of and enhanced by passion and prejudice, we will not disturb the sentence of 60 years solely on account of the extent of that punishment. *See Terrell v. State*, 197 S.W. 1107 (Tex.Crim.App.1917); *Samuel v. State*, 477 S.W.2d 611, 614 (Tex.Crim.App. 1972).

is no authority for reducing a first-degree felony to a Class A misdemeanor. *Villarreal v. State*,

590 S.W.2d 938 (Tex.Crim.App.1979).

The offense of murder is a felony of the first degree. Tex.Penal Code Ann. § 19.-02(b) (Vernon 1989). An individual adjudged guilty of a felony of the first degree shall be punished by confinement in the Texas Department of Corrections for life or for any term of not more than 99 years or less than 5 years, and a fine of up to $10,000. Tex.Penal Code Ann. § 12.32 (Vernon 1974 and Supp.1992). Based on the possible range of punishment, a sentence of 60 years in the Institutional Division of the Texas Department of Criminal Justice for a conviction of murder was certainly within the province of the trial court to assess and not a product of passion or prejudice. Consequently, Appellant's Point of Error No. Three is without merit and is overruled.

Having overruled each of Appellant's points of error, the judgment of the trial court is affirmed.