Alonzo MONTES, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–93–00008–CR.

Court of Appeals of Texas,
El Paso.

May 12, 1994.

David C. Guaderrama, El Paso County Public Defender, El Paso, for appellant.

Jaime E. Esparza, Dist. Atty., El Paso, for appellee.

Before BARAJAS, C.J., and KOEHLER and LARSEN, JJ.

## OPINION ON REHEARING

BARAJAS, Chief Justice.

We grant Appellant's motion for rehearing, withdraw our opinion and judgment of March 30, 1994, and substitute the following opinion.

This is an appeal from a conviction for the offense of possession of a controlled substance under 28 grams. Upon a finding of guilt, the court assessed punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of 10 years. In four points of error, Appellant contends that the trial court erred in failing to grant his motion to suppress the contraband that forms the basis for his conviction. We affirm the judgment of the trial court.

## ON ORIGINAL SUBMISSION

In his points of error, Appellant argues that the contraband was obtained as a result of a warrantless detention that: (1) did not present the required degree of exigency; (2) was based upon stale information; (3) lacked an overall indicia of reliability, and; (4) was based solely upon unsubstantiated suspicions of an informant of unknown reliability.

The State responds that Appellant has wholly failed to preserve the above points for appellate review because his defense counsel affirmatively stated at trial that there was "no objection" to the evidence complained of at the suppression hearing. The record reflects that at trial, the State first offered into evidence the suppression hearing transcript, to which defense counsel stated that she had no objection. Then the State offered into evidence a signed stipulation that the contraband seized from Appellant was heroin:

State: At this time the State would offer as State's exhibit number 2, which would be the stipulation that the substance seized and analyzed is heroin. We offer that into evidence at this time, Your Honor. I just need to get Ms. Voorhies' signature. Specifically, that this item analyzed by Fernando Pena was heroin. The State would offer at this time exhibit 2, the signed stipulation by the State's attorney and Defense attorney and her client.

Defense: We have no objection to that, Your Honor.

It is well settled that when a pretrial motion to suppress evidence is overruled, the defendant need not subsequently object at trial to the same evidence in order to preserve error on appeal. *Livingston v. State*, 739 S.W.2d 311, 334 (Tex.Crim.App. 1987); *Gearing v. State*, 685 S.W.2d 326, 329 (Tex.Crim.App.1985); *Bennett v. State*, 831 S.W.2d 20–1 (Tex.App.—El Paso 1992, no pet.). However, when the defendant affirmatively asserts during trial that he has "no objection" to the admission of the complained of evidence, he waives any error in the admission of the evidence despite the pretrial ruling. *Livingston v. State*, 739 S.W.2d at 334; *Gearing v. State*, 685 S.W.2d at 329; *McGrew v. State*, 523 S.W.2d 679 (Tex.Crim. App.1975); *Bennett v. State*, 831 S.W.2d at 21. As a consequence, we need not recount the evidence in the instant case because defense counsel's action waived any alleged error when the State, at trial, offered the stipulation that the substance seized and analyzed was heroin, and defense counsel affirmatively stated, "no objection." Accordingly, Appellant's Points of Error Nos. One through Four are overruled.

## ON REHEARING

On rehearing, Appellant complains of this Court's holding that Appellant waived appellate review of his motion to suppress evidence, as well as this Court's refusal to consider his second supplemental brief that advanced a new and distinct point of error, i.e., that he was denied effective assistance of counsel.

### A. Procedural History on Appeal

The record in the instant case shows that judgment of conviction was entered on December 10, 1992, and notice of appeal filed on January 6, 1993. The transcript of the proceedings and statement of facts were timely filed on February 5, 1993. Appellant's brief was due March 7, 1993. On March 24, 1993, this Court granted Appellant's first request for extension of time in which to file his brief. On May 19, 1993, two weeks after his brief was due, this Court granted Appellant's second request for extension of time in which to file his brief, extending the date to July 4, 1993. On July 21, 1993, 17 days after his brief was due, this Court granted Appellant's third request for extension of time in which to file his brief, extending the date to September 2, 1993. On September 17, 1993, 15 days after his brief was due, this Court granted Appellant's fourth request for extension of time in which to file his brief, extending the date to November 1, 1993. On December 1, 1993, 30 days after his brief was due, this Court granted Appellant's fifth request for extension of time in which to file his brief. The brief was received and filed that same day. The State's brief was timely filed on December 1, 1993. No extensions of time were granted the State, nor were any requested. Thus, the instant case came at issue on December 1, 1993.

On January 31, 1994, this Court received and filed Appellant's Supplemental Brief. On February 7, 1994, the parties were advised in writing that the case would be submitted on oral argument on March 25, 1994. On March 25, 1994, this cause came before the Court on oral argument. Immediately prior to argument, this Court and the prosecutor were presented with "Appellant's Second Supplemental Brief" which attempted to advance a new and distinct point of error, i.e., ineffective assistance of counsel. No motion for leave to file a second supplemental brief was filed by Appellant. The second supplemental brief was ordered received, but not filed. Consequently, the instant case was submitted on the original briefs of the parties, plus Appellant's first supplemental brief.

### B. Discussion on rehearing

Initially, we note that Appellant, on rehearing, suggests that this Court's reliance on *Gearing v. State*, 685 S.W.2d at 326 and *McGrew v. State*, 523 S.W.2d at 679, is misplaced, and that trial defense counsel simply stipulated and made "no objection" to the documentary form of the evidence for the sake of judicial economy. Regardless of the intentions of trial defense counsel, we nonetheless once again note that when a pretrial motion to suppress evidence is overruled, the defendant need not subsequently object at trial to the same evidence in order to preserve error on appeal. *Livingston v. State*, 739 S.W.2d at 334; *Gearing v. State*, 685 S.W.2d at 329; *Bennett v. State*, 831 S.W.2d at 20–21. However, when the defendant affirmatively asserts during trial that he has "no objection" to the admission of the complained of evidence, he waives any error in the admission of the evidence despite the pretrial ruling. *Livingston v. State*, 739 S.W.2d at 334; *Gearing v. State*, 685 S.W.2d at 329; *McGrew v. State*, 523 S.W.2d 679 (Tex.Crim.App.1975); *Bennett v. State*, 831 S.W.2d at 21. As noted above, the State offered the stipulation that the substance seized and analyzed was heroin, and trial defense counsel affirmatively stated, "no objection." We find no distinction to be made whether counsel's "no objection" was directed to the physical evidence itself, or to a stipulation that the substance "heroin was taken from the defendant Alonzo Montes." Accordingly, we once again find that Appellant has waived appellate review of his motion to suppress evidence.

■ Next, Appellant, although given 269 additional days in which to file his appellate brief, plus the opportunity to file an initial supplemental brief, seeks rehearing of this Court's refusal to accept as filed, and thus

consider, his second supplemental brief that attempted to advance a new point of error. Although having been granted **FIVE** extensions of time in which to formulate and advance his points of error, Appellant boldly describes this Court's refusal to consider the above second supplemental brief, presented to this Court and the State's attorney only seconds prior to the commencement of oral argument, as being arbitrary and capricious in violation of the due process clauses of both the United States and Texas Constitutions. *See* U.S.C.A. CONST. AMEND. ART. V, § 14; TEX. CONST. ART. I, § 19.

■ The Texas Rules of Appellate Procedure dictate the method by which an appellant presents to an appellate court his complaints about alleged trial errors. Those established rules were succinctly described in *Rochelle v. State,* 791 S.W.2d 121 (Tex.Crim. App.1990) where the Court noted as follows:

> Rule 74(d), entitled Points of Error, states in part that "the points upon which an appeal is predicated shall be stated" in the brief. Rule 74(e), entitled Brief of Appellee, mandates that the appellee's brief shall reply to the points relied upon by the appellant. Rule 74(*o*) allows the amendment or supplementation of a brief at any time "when justice requires upon such reasonable terms as the court may prescribe . . ." Rule 74(p) clearly states the purpose of the rules is "to acquaint the court with the points relied upon", and in order to achieve that end "substantial compliance with these rules [in regard to briefs] will suffice in the interest of justice". We perceive the clear import of the purpose stated in Rule 74(p) to be that all points of error sought to be reviewed and all replies thereto are to be included in the original brief. Supplemented or amended briefs bringing new matters to the appellate court may be filed later, but only "as justice requires" or "in the interest of justice" and under reasonable terms imposed by the court. The implication is that such briefs may be filed and considered only with leave of the appellate court. The idea that a party may **force** a new issue on an appellate court after briefs have been filed is foreign to the rules, although constitu-

tional restraints such as due process may so require in a given case. The same is true for compelling matters that rise to the level of "in the interest of justice". Short of those situations, the decision whether to consider new matters raised in a supplemented or amended brief should be left to the sound discretion of the appellate court. *Dickens v. Court of Appeals for the Second Supreme Judicial District of Texas,* 727 S.W.2d 542 (Tex.Crim.App.1987).

*Rochelle v. State,* 791 S.W.2d at 124 [emphasis in original]. Further, Appellant, citing *Ben–Schoter v. State,* 638 S.W.2d 902 (Tex. Crim.App.1982), contends that this Court is required to address the issue of ineffective assistance of counsel raised in his Second Supplemental Brief because a court of appeals is obliged to consider every point of error it can identify and understand. Given the procedural history of this case on review, in particular the extended lapse of time between the date Appellant's brief was originally due and the filing of his first supplemental brief, we disagree. Moreover, grounds of error raised by a defendant in a supplemental brief which were not raised in the original brief are not properly presented for appellate review. *Rochelle v. State,* 791 S.W.2d 121, 124 (Tex.Crim.App.1990); *Coleman v. State,* 632 S.W.2d 616, 619 (Tex.Crim.App.1982); *Holloway v. State,* 695 S.W.2d 112, 120 (Tex. App.—Fort Worth 1985), *aff'd,* 751 S.W.2d 866 (Tex.Crim.App.1988); *see also Salazar v. State,* 773 S.W.2d 34, 40 (Tex.App.—Houston [14th Dist.] 1989, no pet.); *Emerson v. State,* 756 S.W.2d 364, 370 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd); *Tindel v. State,* 748 S.W.2d 593, 598 (Tex.App.—Fort Worth 1988, pet. ref'd); *Berrios–Torres v. State,* 802 S.W.2d 91 (Tex.App.—Austin 1990, no pet.). Accordingly, Appellant's motion on rehearing to file and consider his second supplemental brief and resulting new point of error is denied. *See generally Coleman v. State,* 632 S.W.2d at 619; *Kalmbach v. State,* 481 S.W.2d 151 (Tex.Crim.App.1972).

Having overruled each of Appellant's four original points of error, and further having considered and denied Appellant's conten-

tions on rehearing, we affirm the judgment of the trial court.