Affirmed and Memorandum Opinion filed November 23, 2005









Affirmed
and Memorandum Opinion filed November 23, 2005.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00668-CR

____________

 

MARCELLO
LAVELLO GARDNER, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

___________________________________________________

 

On Appeal from the 183rd District Court

Harris County, Texas

Trial Court Cause No. 969,839

___________________________________________________

 

M E M O R A N D U M   O P I N I O N

Challenging his conviction for
possession of a controlled substance with the intent to deliver, appellant
Marcello Lavello Gardner, in a single issue, asserts that the trial court erred
in denying his motion to suppress the cocaine seized during a warrantless
search of his home. We affirm. 








I.  Factual and Procedural Background

On Thanksgiving Day, 2003, James
Price, appellant=s father,
was arrested by Officer Cave for discharging a weapon at appellant=s
home.  At the time of his arrest, Price
was living with appellant and listed appellant=s home
address as his home address when he was taken to jail and booked.  Shortly thereafter, Price was released from
jail.

The following month, Officer Cave
was working in the same area when she saw Price standing in the middle of the
street trying to get her attention.  When
Officer Cave drove up to where Price was standing, Price informed her that
appellant was Acooking dope@ inside
the house.  Price then invited Officer
Cave into the house.  Based upon her
prior dealings with Price, Officer Cave believed that Price had the authority
to give consent to enter the home.  After
entering the home, Officer Cave discovered that appellant was manufacturing
crack cocaine there.

Appellant was arrested and
charged by indictment with possession of a controlled substance with the intent
to deliver, enhanced with a prior felony conviction for delivery of a
controlled substance.  Appellant pleaded
not guilty.  A jury found appellant
guilty of the charged offense and after also finding the enhancement true,
assessed punishment at forty years=
confinement.

II.  Standard of Review








We review the trial court=s ruling
on a motion to suppress under an abuse‑of‑ discretion
standard.  Long v. State, 823
S.W.2d 259, 277 (Tex. Crim. App. 1991). 
A trial court=s ruling
on a motion to suppress, if supported by the record, will not be overturned. Brooks
v. State, 76 S.W.3d 426, 430 (Tex. App.CHouston
[14th Dist.] 2002, no pet.).  At a
suppression hearing, the trial court is the sole finder of fact and is free to
believe or disbelieve any or all of the evidence presented.  Id.  We give almost total deference to the trial
court=s
determination of historical facts that depend on credibility and demeanor, but
we review de novo the trial court=s
application of the law to the facts if resolution of those ultimate questions
does not turn on the evaluation of credibility and demeanor.  See Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997).

When the trial court fails to
file findings of fact, as in this case, we view the evidence in the light most
favorable to the trial court=s ruling
and assume that the trial court implicitly made findings of fact that support
its ruling as long as those implied findings of fact are supported by the
record.  State v. Ross, 32 S.W.3d
853, 855 (Tex. Crim. App. 2000).  Because
the trial judge was free to believe any or all evidence presented and to make a
determination of historical facts supported by the record after evaluating the
credibility and demeanor of the witnesses at the hearing, we give the trial
court=s
decision deference.  See Guzman,
955 S.W.2d at 89.

III.  Analysis

In a single issue, appellant
contends that the trial court erred in denying his motion to suppress.  Appellant contends the evidence seized should
have been suppressed based on invalid consent. 
In response to appellant=s
contentions, the State makes two alternative arguments.  First, the State responds that appellant
waived his complaint on appeal by asserting during trial that he had Ano
objection@ to the admission of the cocaine
that was the subject of the pre-trial motion to suppress.  In the alternative, the State argues that
even if appellant had preserved his complaint for appeal, the search was based
on valid third-party consent. 

A.        Wavier of Complaint on Appeal








Even though appellant filed a
motion to suppress the narcotics based upon invalid consent, he affirmatively
stated, during trial, that he had Ano
objection@ to the admission of the cocaine
into evidence.  There is no need to
object at trial to the admission of cocaine that was the subject of a pre-trial
motion to suppress.  See Ebarb v.
State, 598 S.W.2d 842, 843 (Tex. Crim. App. 1980) (holding that no
further objection at trial is necessary to preserve a complaint of a denial to
a motion to suppress); Riojas v. State, 530 S.W.2d 298, 301 (Tex.
Crim. App. 1975) (same).  However, when
the defendant affirmatively asserts during trial that he has Ano
objection@ to the admission of the
challenged evidence, he waives any error in the trial court=s
admission of the evidence despite the pretrial ruling.  See Harris v. State, 656 S.W.2d
481 (Tex. Crim. App. 1983); Mayberry v. State, 532 S.W.2d 80
(Tex. Crim. App. 1976); Garza v. State, __ S.W.3d __, 2002 WL
31318555 (Tex. App.CHouston
[14th Dist.] October 17, 2002, no pet.) (not designated for publication)
(finding that defendant waived complaint about his denial of the motion to
suppress cocaine and marijuana when he stated Ano
objection@ at the time the same evidence was
offered at trial); Tuffiash v. State, 948 S.W.2d 873 (Tex. App.CSan
Antonio 1997, pet. ref=d)
(failing to object to the offending evidence, an accused presents no error for
appellate review); Wilson v. State, 857 S.W.2d 90, 93 (Tex. App.CCorpus
Christi 1993, pet. ref=d) (holding
burglary defendant waived right to object to introduction of photographs of
evidence claimed to have been obtained as a result of an illegal search and
seizure because he stated he had Ano
objection@ to the admission of the
photographs when they were offered at trial); Bennett v. State, 831
S.W.2d 20, 21 (Tex. App.CEl
Paso1992, no pet.) (holding defendant had waived right to appeal denial of
motion to suppress after he affirmatively stated that he had no objection to
the admission of evidence at trial). 
Accordingly, by affirmatively asserting at trial that he had no
objection to the admission of the cocaine into evidence, appellant waived any
complaint that he had about the trial court=s ruling
on the pretrial motion to suppress. 

B.        Valid Third-Party Consent to Warrantless Search. 








Even if appellant had properly
preserved his complaint about the trial court=s ruling
on his pretrial motion to suppress, his argument still would lack merit because
the search was based on valid third-party consent.  The facts known to Officer Cave at the time
of the search demonstrate that she had an objectively reasonable basis to
believe that Price, appellant=s father,
had actual and/or apparent authority to consent to the search of appellant=s
home.  

Both the Fourth Amendment of the
United States Constitution and Article I, Section 9 of the Texas Constitution
forbid unreasonable searches and seizures. 
See Brimage v. State,
918 S.W.2d 466, 500 (Tex. Crim. App. 1996); see also Mincey v. Arizona,
437 U.S. 385, 392, 98 S. Ct. 2408, 57 L. Ed. 2d 290 (1978).  This concept is so fundamental that the law
imposes a duty to exclude evidence seized in such illegal invasions, both to
discourage lawless police conduct, and because courts may not endorse lawless
invasions of citizens' constitutional rights by permitting the government
unhindered use of the fruits of such invasions.  See Terry v. Ohio, 392 U.S. 1, 12B13, 88 S.
Ct. 1868, 20 L. Ed. 2d 889 (1968). Warrantless searches are unreasonable per se
unless they fall under one of a few specific exceptions.  See Reasor v. State, 12 S.W.3d 813, 817
(Tex. Crim. App. 2000); see also Mincey, 437 U.S. at 390.  Consent to search is one of the well‑established
exceptions to the constitutional requirements that a police officer have both a
warrant and probable cause before a search.  Schneckloth v. Bustamonte, 412 U.S. 218,
219, 93 S. Ct. 2041, 36 L. Ed. 2d 854 (1973).

The State bears the burden of proving
that the person who gave consent had the actual or apparent authority to do so.
 Illinois v. Rodriguez, 497 U.S.
177, 181 (1990), 110 S. Ct. 2793, 2801, 111 L. Ed. 2d 148 (1990).  The State cannot satisfy this burden if the
police officer proceeds without making further inquiry in a situation that
presents an ambiguity as to apparent or actual authority to consent.  Corea v. State, 52 S.W.3d 311, 317
(Tex. App.CHouston [1st Dist.] 2001, pet.
ref=d).  If the officer does not learn enough and if
the circumstances make it unclear whether the property is subject to Acommon
authority@ by the person giving consent, Athen
warrantless entry without further inquiry is unlawful unless authority actually
exists.@  Rodriguez, 497 U.S. at 188B89, 110
S. Ct. 2793.








1.         Actual Authority

A warrantless entry and search by
law enforcement officers does not violate the Fourth Amendment=s
protection against unreasonable searches and seizures if the officers have
obtained the consent of a third party who possesses common authority over the
premises or effects to be searched.  United
States v. Matlock, 415 U.S. 164, 170, 94 S. Ct. 988, 39 L. Ed. 2d 242
(1974).  ACommon
authority@ rests Aon mutual
use of property by persons generally having joint access or control for most
purposes.@  Id. at 170 n.7, 94 S. Ct. 988.  Cohabitants have the right to consent to a
search of the dwelling in their own right, the other cohabitants having been
deemed to have assumed the risk that one of their number might permit the
common area to be searched.  See id.  A third party may consent to a search when
the party has equal control over and equal use of the premises being searched.  Maxwell v. State, 73 S.W.3d 278, 281 (Tex.
Crim. App. 2002); Becknell v. State, 720 S.W.2d 526, 528 (Tex. Crim.
App. [Panel Op.] 1986); Rivera v. State, 59 S.W.3d 268, 273 (Tex. App.CTexarkana
2001, pet. ref=d); Corea, 52 S.W.3d at
316.

In Corea, the State
showed that the appellant=s brother‑in‑law
had authority to common areas of the apartment. 
52 S.W.3d at 316.  Likewise, in
this case the evidence shows that Price had equal control over and equal use of
the premises being searched.  See
Maxwell, 73 S.W.3d at 281.  Officer
Cave testified that Price lived in the house and was arrested at the same house
a month before the search took place. 
Price gave Officer Cave the address of appellant=s home as
Price=s own
home address.  Moreover, Price himself
testified that his name was on the lease and that he was living in the house at
the time he gave consent to search.  In
addition, the cocaine was found in the kitchen, which is a common area of the
house.  See Corea, 52
S.W.3d at 315.  Based upon these facts,
we conclude that Price had actual authority to consent to the search of the
common areas of the house, including the kitchen.  








2.         Apparent Authority

The record also supports a
finding of apparent authority.  See
Rodriguez, 497 U.S. at 188, 110 S. Ct. 2793.  In Rodriguez, the United States
Supreme Court held that a warrantless entry by law enforcement officers onto a
person=s
premises does not violate the protection against unreasonable searches and
seizures under the Fourth Amendment when such entry is based on the consent of
a third party whom the officers, at the time of the entry, reasonably believed
to possess common authority over the premises, but who, in fact, did not
possess such authority.  Id.  A third party=s consent
is valid if the facts available to the officer at the  at the Amoment@ would
warrant one of reasonable caution in the belief that the consenting party had
authority over the premises.  Id. at
181, 110 S. Ct. at 2801. 

If an officer reasonably believed
that the third party had common authority over the place to be searched, then
her good‑faith mistake will not invalidate the search.  This deference does not mean, however, that
the officer may rely on consent given in ambiguous circumstances or when it
appears clearly unreasonable to believe the third party is clothed with authority
to give consent.  Riordan v. State,
905 S.W.2d 765, 771 (Tex. App.CAustin
1995, no pet.).  The apparent authority
doctrine should not be applied so strictly that it places too heavy a burden on
police, but it does not permit law enforcement officers to proceed without
inquiry into ambiguous circumstances or to always accept at face value the
consenting party=s
apparent assumption or claim of authority to allow the contemplated search.  Id. 









We conclude that Price=s consent
is valid because the facts available to Officer Cave at the Amoment@ of the
search would warrant a person of reasonable caution to believe that Price had
authority over the premises.  Officer
Cave arrested Price at the house a month before the search, Price stated that
the residence searched was his home address, and Price invited Officer Cave
into the house.  In addition, Price
obviously knew of the activities going on in the kitchen.  See Giles v. State, 2003 WL 68178,
at *4 (Tex. App.CEl Paso
2003, no pet.) (not designated for publication) (holding that the State
established apparent authority of wife based on statements that she lived with
appellant in residence and her familiarity with location of items in
residence). 

The testimony at the
motion-to-suppress hearing demonstrates that Price had actual and apparent
authority to consent to the search of the common areas of the home, including
the kitchen.  Officer Cave had a
reasonably objective basis to believe that Price=s consent
to search was valid.  Therefore, the
trial court did not abuse its discretion in denying appellant=s motion
to suppress.  Accordingly, we overrule
appellant=s only appellate complaint and
affirm the trial court=s
judgment.

 

/s/        Kem Thompson Frost

Justice

 

Judgment rendered and Memorandum Opinion filed November 23, 2005.

Panel consists of Justices Hudson, Frost, and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).