In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00084-CV


______________________________




COY LYNN OWENS AND LINDA OWENS, Appellants



V.



COY E. OWENS, FRANK BAUER AND MCLEROY,


LITZLER, RUTHERFORD, BAUER & FRIDAY, Appellees



 


On Appeal from the 62nd Judicial District Court


Hopkins County, Texas


Trial Court No. CV-38478




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Coy Lynn Owens and wife, Linda Owens, (1) have appealed from an order dismissing their
action for bill of review, brought against his father (Coy E. Owens), his father's attorney (Frank
Bauer), and his father's attorney's law firm (McLeroy, Litzler, Rutherford, Bauer & Friday, P.C.). 

 If one were to search for something positive to be said about the case brought by Owens, it
would be to say that it demonstrates rather unusually dogged persistence on his part. The basic fact
situation upon which this case is based is one that has now come before this Court in two iterations. 
In Owens v. McLeroy, Litzler, Rutherford, Bauer & Friday, P.C., 235 S.W.3d 388 (Tex.
App.--Texarkana 2007, no pet.), Owens complained unsuccessfully of the grant of summary
judgment in favor of the law firm mentioned above. (2) In his underlying lawsuit from which that
appeal arose, Owens originally alleged that his father, with the assistance of the father's attorney, had
converted personal property belonging to Owens, that wrongful sequestration had occurred, and that
the defendants, acting in concert, had committed an actionable abuse of process. The law firm with
which the attorney was associated was added by Owens as a defendant with an allegation that it had
vicarious liability for the attorney's role in the alleged bad acts. The initial actions about which
Owens had then complained had arisen as the result of his claim to partial ownership of a dairy and
its associated livestock and equipment, which had been the subject of an even earlier lawsuit (from
which no appeal was taken) brought against Owens by his father, a suit in which the attorney
represented the father.

 In this most recent suit, Owens had filed a petition for a bill of review May 13, 2008. In that
petition, he reiterated the claims in the previous lawsuit that he had been defrauded by his father and
the attorney. Owens then claimed that the judgment obtained by his father (with the assistance of
the attorney) on October 29, 2007, was obtained as the result of fraud. As can best be determined
from Owens's highly confusing petition, the fraudulent conduct he alleged regarded the introduction
into evidence of a computer-generated amortization schedule relied upon by an expert witness at trial
and the failure of his father and the attorney to introduce evidence of a transfer of certain real estate
during the trial that had previously occurred. The petition then goes on to claim that Owens had a
meritorious defense because the amortization schedule about which he complains was erroneous;
he makes some claim about a meritorious defense which hinges on the issue of the unmentioned
conveyance, but it is impossible from the pleading to determine how he deems this to have been a
meritorious defense. 

 Owens's father's attorney and the father's attorney's law firm filed virtually identical answers
and motions for sanctions, pointing out that neither of them was a party to the original lawsuit about
which Owens complained, saying that the lawsuit against them is groundless and brought for the
purpose of harassment, and seeking relief pursuant to Rule 13 of the Texas Rules of Civil Procedure. 
See Tex. R. Civ. P. 13. In response to these motions, the trial court entered an order dismissing the
lawsuit against the attorney and the law firm and, sua sponte, dismissing the lawsuit against Coy E.
Owens. 

 In this case, appellees strenuously argue that Owens's briefing never addresses the propriety
of the trial court's order of dismissal of the petition for bill of review and that Owens has, therefore,
presented no issue for review by this Court. Owens's brief as filed with this Court extensively
recounts his version of the facts underlying the original lawsuit. However, appellees' counsel quite
cogently argue that the underlying merits of Owens's lawsuit are not the issue before this Court;
counsel further correctly note that it is impossible for them to respond to an argument that is not
presented for review. See Tex. R. App. P. 38.1(f), (h), (i), 38.2(a)(2).

 We recognize that an argument is waived if an order is not challenged on appeal, and we
acknowledge that we are to look both at the stated issues and at the arguments under those issues to
see if the challenge exists. See Perry v. Cohen, 272 S.W.3d 585 (Tex. 2008). 

 In this case, Owens neither provides any analysis to suggest why the trial court might have
erred in its punitive dismissal of his petition for bill of review, nor does he make any effort to apply
the standards utilized in the appellate review of such a ruling. The entire thrust of Owens's brief
seems to be directed at showing why he believes that he should have prevailed in the underlying
action, and it ignores why he might believe that the entry of the order of dismissal of the lawsuit was
in error. Fatally, Owens aims his arrows at the wrong target. 

 We affirm the judgment.



 Bailey C. Moseley 

 Justice


Date Submitted: April 15, 2009

Date Decided: April 16, 2009

1. For the sake of clarity, due to the similarity of names and the congruity of the claim of Linda
Owens with that of her husband, from this point forward, we word this as if Coy Lynn Owens were
the sole appellant. When we say "Owens" that will mean the appellants here. References to Coy E.
Owens will be by his full name.
2. Apparently dissatisfied with the adverse ruling rendered by this Court, Owens then
attempted to file an appeal of the same case with the 12th District Court of Appeals in Tyler
(docketed as its cause number 12-08-00144-CV) about a month after our opinion was released. It
was dismissed for want of jurisdiction, Hopkins County being solely within the 6th District.


he in-court identification based on the
impermissible suggestiveness of that array. We find that it did not. 
            When a pretrial motion to suppress evidence is overruled, the defendant need not
subsequently object at trial to the same evidence in order to preserve error on appeal. Wyle v. State,
777 S.W.2d 709, 715 n.5 (Tex. Crim. App. 1989); Livingston v. State, 739 S.W.2d 311, 334 (Tex.
Crim. App. 1987); Gearing v. State, 685 S.W.2d 326, 329 (Tex. Crim. App. 1985); Welch v. State,
993 S.W.2d 690, 694 (Tex. App.—San Antonio 1999, no pet.); Bennett v. State, 831 S.W.2d 20, 21
(Tex. App.—El Paso 1992, no pet.); see Tex. R. Evid. 103 (a)(1). However, when the defendant
affirmatively asserts during trial that he or she has "no objection" to the admission of the
complained-of evidence, he or she waives any error in the admission of the evidence despite the
pretrial ruling. Livingston, 739 S.W.2d at 334; Gearing, 685 S.W.2d at 329; Montes v. State, 876
S.W.2d 538, 539 (Tex. App.—El Paso 1994, no pet.). 
            We conclude that, even though the complaint to the introduction of the photographic array
itself was waived by the "[n]o objection" comment, the complaint about the taint arising from that
array was not. That objection had been properly presented during the suppression hearing and was
not affirmatively waived during trial and remained viable. Therefore, we will analyze the
admissibility of the in-court identification of Mayfield by Crain. 
            Determining the admissibility of an in-court identification involves a two-step analysis: 
(1) whether the out-of-court identification procedure was impermissibly suggestive, and (2) whether
that suggestive procedure gave rise to a very substantial likelihood of irreparable misidentification. 
Simmons v. United States, 390 U.S. 377, 384 (1968); Barley, 906 S.W.2d at 33. A defendant bears
the burden of establishing by clear and convincing evidence that the pretrial identification procedure
was impermissibly suggestive. Barley, 906 S.W.2d at 33–34. The analysis requires an examination
of the totality of the circumstances surrounding the identification. Id. at 33; Morrow v. State, 139
S.W.3d 736, 741 (Tex. App.—Texarkana 2004, no pet.). We have found that the procedure was
impermissibly suggestive and that Mayfield has met the first step in the analysis. 
            In considering the second factor, 
five non-exclusive factors should be "weighed against the corrupting effect of any
suggestive identification procedure in assessing reliability under the totality of the
circumstances": (1) the opportunity of the witness to view the criminal at the time
of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior
description of the criminal; (4) the level of certainty demonstrated by the witness at
the confrontation, and (5) the length of time between the crime and the confrontation.

Ibarra v. State, 11 S.W.3d 189, 195 (Tex. Crim. App. 1999); see Neil v. Biggers, 409 U.S. 188,
199–200 (1972).
            We are to consider the five Biggers factors, all issues of historical fact, deferentially in a light
favorable to the trial court's ruling. Ibarra, 11 S.W.3d at 195. The factors, viewed in this light, are
then to be weighed de novo against "the corrupting effect" of the suggestive pretrial identification
procedure. Id. at 195–96; Loserth v. State, 963 S.W.2d 770, 773–74 (Tex. Crim. App. 1998).
            Even though we have concluded that the identification procedure was impermissibly
suggestive, we find that it did not create a substantial likelihood of irreparable misidentification. The
record clearly demonstrates that the in-court identification by Crain was of an independent origin. 
Crain testified unequivocally that his identification was based on his observations at the time of the
offense. He testified he walked and talked with the defendant, in the light of day, for several minutes
before being robbed, and he saw the robber's face clearly. Crain testified that there was "[n]o doubt"
that Mayfield was the robber and that he remembered Mayfield "[f]rom that day that it happened." 
Crain provided a description of the robber and the clothing he was wearing that was consistent with
Mayfield's actual appearance. Crain's in-court identification occurred approximately nine months
after the robbery. Based on the facts recited above, the trial court could reasonably conclude Crain
had an adequate opportunity to observe Mayfield and formulate a basis for his in-court identification. 
Weighing this evidence of reliability against the suggestiveness of the pretrial identification
procedure, we conclude that no substantial risk of irreparable misidentification was created to deny
Mayfield due process. See Simmons, 390 U.S. at 384. The contention of error is overruled.
            We affirm the trial court's judgment. 
 

                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          October 12, 2004
Date Decided:             January 4, 2005

Publish