COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| COSME OCHOA, | | No. 08-08-00228-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| V. | | 384th District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 20060D04271) |
| | § | |
| | § | |

**O P I N I O N**

Cosme Ochoa was convicted of accident involving injury or death related to a motor vehicle accident. A jury convicted and sentenced him to 5 years' imprisonment. Appellant now raises three issues challenging the trial court's suppression ruling, an in-court witness identification, and the sufficiency of the evidence supporting the conviction. In Issue One, he contends the trial court erred by denying his motion to suppress Mr. Vargas's pretrial identification. In Issue Two, Appellant asserts the "in-court identification" by Mr. Varga was "tainted and unreliable" due to impermissibly suggestive pretrial identification procedures. In Issue Three, Appellant challenges the legal and factual sufficiency of the evidence supporting the conviction.

On December 10, 2005, Mr. Oscar Vargas, of El Paso was in his car waiting to turn at the intersection of Kingsway and Westway Boulevard. As Mr. Vargas waited to turn, a blue Ford Escort sedan drove around his car, ran a red light, and struck a pedestrian. The Escort drove

away quickly, and did not return to the scene. Mr. Vargas stayed at the scene to help the injured pedestrian. Later, through a police photo array, Mr. Vargas identified Appellant as the man driving the Ford Escort.

Appellant was charged with a violation of Texas Transportation Code Section 550.023, which requires the operator of a vehicle involved in an accident resulting in the injury or death of a person to stop at the scene, and in addition to providing information, to assist the injured individual by transporting that person, or by calling for transportation and medical attention. *See* TEX.TRANSP.CODE ANN. § 550.023 (Vernon 1999). Appellant was further charged with the use of a deadly weapon, "a Ford motor vehicle," during the commission of the offense. He filed a motion to suppress Mr. Vargas's identification, which was denied by the trial court at pretrial. A jury convicted Appellant of the offense, determined a deadly weapon was used during the commission of the crime, and sentenced Appellant to five years' imprisonment.

In Issues One and Two, Appellant challenges the trial court's denial of his motion to suppress, and its related ruling, admitting State's Exhibit 37, the photo array in which Mr. Vargas identified him as the driver.[1] The State responds by arguing that Appellant has failed to preserve these issues for appellate review due to defense counsel's affirmative statement during trial that there was, "no objection" to the admission of the same evidence which had been the subject of the motion to suppress.

The record supports the State's argument. Appellant's motion to suppress was targeted at the photo array identification provided by Mr. Oscar Vargas, and eyewitness to the collision. The

---

[1] During his trial testimony, and independent of Exhibit 37, Mr. Vargas identified Appellant as the driver of the Ford Escort without objection.

trial court denied Appellant's motion at the end of the suppression hearing. During the guilt-innocence phase of trial, the State offered the photo array identification as Exhibit 37. Defense counsel responded: "What is 37? There's no objection, Your Honor." The court admitted the exhibit.

When a pretrial motion to suppress evidence is overruled, the defendant is not required to object to the admission of the evidence at trial to preserve the suppression issue for appeal. *Montes v. State*, 876 S.W.2d 538, 539 (Tex.App.--El Paso 1994, no pet.). However, when the defendant affirmatively asserts that he has "no objection" to the same evidence when it is subsequently introduced at trial, he waives any error related to the admission of the evidence. *Bennet v. State*, 831 S.W.2d 20, 21 (Tex.App.--El Paso 1992, no pet.). As a result, there is no need to recount the suppression evidence or arguments in the instant case because any alleged error was waived by defense counsel's statement that there was "no objection" to the identification. *See* TEX.R.APP.P. 33.1(a); *Montes*, 876 S.W.2d at 539. Accordingly, Issues One and Two are overruled.

In Issue Three, Appellant contends the evidence is legally and factually insufficient to support his conviction. In a legal sufficiency review, we must consider all the evidence in a light most favorable to the verdict to determine whether a reasonable minded juror could have found the essential elements of the charged offense were proven beyond a reasonable doubt. *Roberts v. State*, 273 S.W.3d 322, 326 (Tex.Crim.App. 2008). In making this determination, we must give due deference to "the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007).

-3-

The purpose of a factual sufficiency review is to answer a single inquiry: Considering all the evidence in a neutral light, was a jury rationally justified in finding guilt beyond a reasonable doubt? *Grotti v. State*, 273 S.W.3d 273, 283 (Tex.Crim.App. 2008). The record fails to meet this standard if: (1) the evidence supporting the verdict is so weak that the verdict seems clearly wrong and manifestly unjust; or (2) the evidence supporting the verdict is outweighed by the great weight and preponderance of contrary evidence, rendering the verdict clearly wrong and manifestly unjust. *Grotti*, 273 S.W.3d at 283. A new trial will only be granted when the reviewing court determines, on an objective basis, that the great weight and preponderance of the evidence contradicts the jury's verdict. *Watson v. State*, 204 S.W.3d 404, 417 (Tex.Crim.App. 2006). As is the case under either sufficiency standard, our review should not intrude on the fact finder's role as the sole judge of weight and credibility attributed to witness testimony. *See Johnson v. State*, 23 S.W.3d 1, 7 (Tex.Crim.App. 2000).

Appellant presents two arguments in support of his conclusion that the evidence is insufficient to support the conviction. First, he argues that only one of the numerous witnesses called by the State was a witness to the actual collision. Second, he contends that Mr. Vargas's credibility, as the sole eye-witness, was questionable. In order to sustain these arguments, we would be forced to interfere with the jury's role as fact finder, arbiter of conflicts in the evidence, and judge of witness credibility. We decline to do so. Under either a light most favorable to the verdict, or under a neutral light, neither of these arguments provide a basis for this Court to determine a rational jury could not have determined the State carried its burden of proof in this case. Having determined the evidence is legally and factually sufficient to support the conviction, we overrule Issue Three.

Having overruled all of Appellant's issues, the trial court's judgment is affirmed.


July 21, 2010

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)