COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS






COSME OCHOA,

                            Appellant,

V.

THE STATE OF TEXAS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 §

 §


No. 08-08-00228-CR

Appeal from the

384th District Court

of El Paso County, Texas 

(TC# 20060D04271) 





O P I N I O N

            Cosme Ochoa was convicted of accident involving injury or death related to a motor
vehicle accident. A jury convicted and sentenced him to 5 years’ imprisonment. Appellant now
raises three issues challenging the trial court’s suppression ruling, an in-court witness
identification, and the sufficiency of the evidence supporting the conviction. In Issue One, he
contends the trial court erred by denying his motion to suppress Mr. Vargas’s pretrial
identification. In Issue Two, Appellant asserts the “in-court identification” by Mr. Varga was
“tainted and unreliable” due to impermissibly suggestive pretrial identification procedures. In
Issue Three, Appellant challenges the legal and factual sufficiency of the evidence supporting the
conviction.
            On December 10, 2005, Mr. Oscar Vargas, of El Paso was in his car waiting to turn at the
intersection of Kingsway and Westway Boulevard. As Mr. Vargas waited to turn, a blue Ford
Escort sedan drove around his car, ran a red light, and struck a pedestrian. The Escort drove
away quickly, and did not return to the scene. Mr. Vargas stayed at the scene to help the injured
pedestrian. Later, through a police photo array, Mr. Vargas identified Appellant as the man
driving the Ford Escort.
            Appellant was charged with a violation of Texas Transportation Code Section 550.023, 
which requires the operator of a vehicle involved in an accident resulting in the injury or death of
a person to stop at the scene, and in addition to providing information, to assist the injured
individual by transporting that person, or by calling for transportation and medical attention. See
Tex.Transp.Code Ann. § 550.023 (Vernon 1999). Appellant was further charged with the use
of a deadly weapon, “a Ford motor vehicle,” during the commission of the offense. He filed a
motion to suppress Mr. Vargas’s identification, which was denied by the trial court at pretrial. A
jury convicted Appellant of the offense, determined a deadly weapon was used during the
commission of the crime, and sentenced Appellant to five years’ imprisonment.
            In Issues One and Two, Appellant challenges the trial court’s denial of his motion to
suppress, and its related ruling, admitting State’s Exhibit 37, the photo array in which Mr. Vargas
identified him as the driver.


 The State responds by arguing that Appellant has failed to preserve
these issues for appellate review due to defense counsel’s affirmative statement during trial that
there was, “no objection” to the admission of the same evidence which had been the subject of
the motion to suppress.
            The record supports the State’s argument. Appellant’s motion to suppress was targeted at
the photo array identification provided by Mr. Oscar Vargas, and eyewitness to the collision. The
trial court denied Appellant’s motion at the end of the suppression hearing. During the guilt-innocence phase of trial, the State offered the photo array identification as Exhibit 37. Defense
counsel responded: “What is 37? There’s no objection, Your Honor.” The court admitted the
exhibit.
            When a pretrial motion to suppress evidence is overruled, the defendant is not required to
object to the admission of the evidence at trial to preserve the suppression issue for appeal. 
Montes v. State, 876 S.W.2d 538, 539 (Tex.App.--El Paso 1994, no pet.). However, when the
defendant affirmatively asserts that he has “no objection” to the same evidence when it is
subsequently introduced at trial, he waives any error related to the admission of the evidence. 
Bennet v. State, 831 S.W.2d 20, 21 (Tex.App.--El Paso 1992, no pet.). As a result, there is no
need to recount the suppression evidence or arguments in the instant case because any alleged
error was waived by defense counsel’s statement that there was “no objection” to the
identification. See Tex.R.App.P. 33.1(a); Montes, 876 S.W.2d at 539. Accordingly, Issues One
and Two are overruled.
            In Issue Three, Appellant contends the evidence is legally and factually insufficient to
support his conviction. In a legal sufficiency review, we must consider all the evidence in a light
most favorable to the verdict to determine whether a reasonable minded juror could have found
the essential elements of the charged offense were proven beyond a reasonable doubt. Roberts v.
State, 273 S.W.3d 322, 326 (Tex.Crim.App. 2008). In making this determination, we must give
due deference to “the responsibility of the trier of fact to fairly resolve conflicts in testimony, to
weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.” 
Hooper v. State, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007).
            The purpose of a factual sufficiency review is to answer a single inquiry: Considering all
the evidence in a neutral light, was a jury rationally justified in finding guilt beyond a reasonable
doubt? Grotti v. State, 273 S.W.3d 273, 283 (Tex.Crim.App. 2008). The record fails to meet
this standard if: (1) the evidence supporting the verdict is so weak that the verdict seems clearly
wrong and manifestly unjust; or (2) the evidence supporting the verdict is outweighed by the
great weight and preponderance of contrary evidence, rendering the verdict clearly wrong and
manifestly unjust. Grotti, 273 S.W.3d at 283. A new trial will only be granted when the
reviewing court determines, on an objective basis, that the great weight and preponderance of the
evidence contradicts the jury’s verdict. Watson v. State, 204 S.W.3d 404, 417 (Tex.Crim.App.
2006). As is the case under either sufficiency standard, our review should not intrude on the fact
finder’s role as the sole judge of weight and credibility attributed to witness testimony. See
Johnson v. State, 23 S.W.3d 1, 7 (Tex.Crim.App. 2000).
            Appellant presents two arguments in support of his conclusion that the evidence is
insufficient to support the conviction. First, he argues that only one of the numerous witnesses
called by the State was a witness to the actual collision. Second, he contends that Mr. Vargas’s
credibility, as the sole eye-witness, was questionable. In order to sustain these arguments, we
would be forced to interfere with the jury’s role as fact finder, arbitor of conflicts in the evidence,
and judge of witness credibility. We decline to do so. Under either a light most favorable to the
verdict, or under a neutral light, neither of these arguments provide a basis for this Court to
determine a rational jury could not have determined the State carried its burden of proof in this
case. Having determined the evidence is legally and factually sufficient to support the
conviction, we overrule Issue Three.
            Having overruled all of Appellant’s issues, the trial court’s judgment is affirmed. 



July 21, 2010
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)