James PRICE, Appellant,

v.

The STATE of Texas, Appellee.

No. 43298.

Court of Criminal Appeals of Texas.

Dec. 9, 1970.

Ramie H. Griffin, Beaumont, for appellant.

Bill A. Martin, Dist. Atty., Newton, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is burglary; the punishment, five (5) years.

 We are met at the outset with a question of constitutional dimensions. Officer Dougharty testified that after the burglary he arrested the appellant and his two companions. He was then asked, "Now I ask you, Mr. Dougharty, did you ever go down to Beaumont, Texas, with James Price (the appellant) and recover any merchandise?" Counsel asked to have the jury retired. In their absence, the prosecutor elicited the fact that the officer, prior to going to Beaumont, did not know where the stolen property might be found and that he learned its location from the appellant. It is clear that the appellant was under arrest and there is no showing that any warning was given to him. At the conclusion of the hearing, the appellant objected to all of the testimony on the grounds that the proper predicate had not been laid under the Code of Criminal Procedure or the Constitution of the United States.

Thereafter in the presence of the jury, the officer testified that the appellant and Brown, the injured party, accompanied him to Beaumont, where they went to a certain pawn shop. He stated that, at the shop, Brown identified the stolen property, and the owner of the pawn shop identified the appellant and delivered to the officer the pawn ticket containing appellant's signature. He further testified over objection that the proper warning had not been given, that appellant and his co-indictees accompanied him and Brown to a pipe line where a cash box and "part of the papers that wasn't burned up" were found.

We had this same situation before us in Lee v. State, Tex.Cr.App., 428 S.W.2d 328, where we held that testimony of officers about conversations with accused and his companions which led to the finding of certain license plates was inadmissible because appellant and his companions were under arrest and were given no warning.

 The objection made in the absence of the jury need not have been repeated in their presence under Art. 40.09, Vernon's Ann.C.C.P., § 6(d) (3), and the holding of this Court in Powers & Dion v. State, Tex.Cr.App., 456 S.W.2d 97.

For the error pointed out, the judgment is reversed and the cause remanded.