**Jimmie Leon STEWART, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46543.**

Court of Criminal Appeals of Texas.

March 14, 1973.

Tom W. Gregg, Jr. and George H. Rau, Jr., San Angelo, for appellant.

Royal Hart, Dist. Atty., William J. Stroman, Asst. Dist. Atty., San Angelo, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from an order revoking probation.

On March 14, 1972, upon a plea of guilty before the court, appellant was convicted of possession of hashish. His punishment was assessed at a term of four years, probated. A condition of his probation was that he commit no offense against the laws of this State or any other state. On May 8, 1972, a motion to revoke probation was filed. It alleged that the appellant had violated the terms of his probation by committing the offense of possession of marihuana. On June 14, 1972, the hearing on the motion to revoke was held.

Appellant alleges that the trial court abused its discretion in revoking his probation based on evidence obtained as a result of an illegal search.

The record shows that on the evening of May 7, 1972, Officers T. W. Watson and Bill Freeman of the San Angelo Police Department, while on routine patrol, observed an automobile driving in an erratic and weaving manner. They followed the automobile a short distance and after watching it again weave across the double yellow stripe, the two officers decided to stop the vehicle and check the driver to see if he was intoxicated.

Officer Watson testified that when appellant alighted from his automobile he was very unsteady on his feet and a strong odor of alcohol was detected. The evidence then shows that after appellant was placed under arrest for driving while intoxicated he resisted Officer Freeman's attempt to put him in the police vehicle. It was then that Officer Freeman conducted a "pat down" search of appellant which resulted in the discovery of one baggie of marihuana in a shirt pocket and another baggie of marihuana in his sock.

The record is silent as to any objection to the search, or to the introduction of the fruits thereof. In fact, there is an agreed stipulation signed by the appellant, his counsel, and the prosecutor, that Officer Freeman removed the items from appellant and sent them for a chemical analysis. The laboratory tests were positive. Absent an objection to the evidence of the search or fruits thereof, we need not pass upon

the legality of the search. See Ansley v. State, 468 S.W.2d 862.

Finding no abuse of discretion, the judgment of the trial court is affirmed.