Cleo Chester McGREW, Jr., Appellant,

v.

*The* STATE *of* Texas, Appellee.

No. 50147.

Court of Criminal Appeals of Texas.

June 11, 1975.

Fred J. Marett, III, Houston, for appellant.

Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal is taken from a conviction for possession of marihuana in excess of four ounces, wherein the punishment was assessed by the jury at ten (10) years and a fine of five thousand dollars ($5,000).

On original submission this appeal was dismissed in a per curiam opinion because it appeared that the sentence had been pronounced prior to the expiration of the ten days allowed to file a motion for new trial or in arrest of judgment as provided by Articles 40.05 and 41.02, Vernon's Ann.C.C.P., and the record was silent as to any waiver of the time period by the appellant. A supplemental transcript has now been forwarded to this court showing that the appellant affirmatively waived the time period involved prior to sentencing. The appeal is reinstated.

Appellant's sole ground of error reads:

"The trial court erred in admitting evidence, over appellant's timely objection, obtained from a warrantless search of the trunk of appellant's car without consent and without probable cause."

Appellant filed a motion to suppress the evidence seized from the trunk of his car, being 17 baggies of marihuana, and the court at the hearing on such motion the day before trial overruled the same.

At trial, however, when the evidence was offered the record reflects the following:

"MR. CHEATHAM (District Attorney): We would offer into evidence State's Exhibit No. 1, consisting of the 17 baggies, Your Honor.

"THE COURT: What says the defendant?

"MR. MARETT (Defense Counsel): Your Honor, *we don't have any objections.*

"THE COURT: All right. It will be admitted." (Emphasis Supplied)

In view of the express statement of appellant's counsel, nothing is presented for review under the claim that evidence was seized as a result of an illegal search. Cortez v. State, 520 S.W.2d 764 (Tex.Cr. App.1975); Johnson v. State, 504 S.W.2d 496 (Tex.Cr.App.1974); Weatherspoon v. State, 501 S.W.2d 909 (Tex.Cr.App.1973); Stewart v. State, 491 S.W.2d 410 (Tex.Cr. App.1973); Finklea v. State, 481 S.W.2d 889 (Tex.Cr.App.1972).

Appellant relies upon Graves v. State, 513 S.W.2d 57 (Tex.Cr.App.1974), for the proposition that since the trial court had overruled his motion to suppress after the presentation of evidence in connection therewith it was not necessary for the defendant to object when the contraband was offered in the presence of the jury. See Article 40.09, Sec. 6(d)(3), Vernon's Ann.C.C.P.[1]

*Graves* can be distinguished from the instant case for there the defendant voiced no objection in the presence of the jury to the introduction of the contraband, whereas the appellant expressly stated that he had no objection, expressly waiving any reliance upon the ruling made on the motion to suppress. See Boykin v. State, 504 S.W.2d 855 (Tex.Cr.App.1974).

The judgment is affirmed.

1. See also Powers v. State, 456 S.W.2d 97 (Tex.Cr.App.1970); Price v. State, 460 S.W.2d 420 (Tex.Cr.App.1970).