NO. 07-02-0506-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MAY 17, 2004

_____


DANIEL MEDRANO, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-439055; HON. JIM BOB DARNELL, PRESIDING

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]

In this appeal, appellant Daniel Medrano challenges his conviction of possession of a controlled substance (cocaine) with intent to deliver in an amount of less than 200 grams but more than four grams and the resulting jury-assessed punishment of 44 years confinement in the Institutional Division of the Texas Department of Criminal Justice. In pursuing his appeal, he presents one issue in which he contends that the trial court erred

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004).

in denying his motion to suppress evidence. Disagreeing that reversal is required, we affirm the judgment of the trial court.

On December 17, 2001, at approximately 1:00 p.m., Lubbock police stopped a vehicle as a result of a traffic violation. As the vehicle was pulled over, an Hispanic man jumped out of the right front passenger seat and fled the scene. Lubbock officers entered a nearby bar and inquired if anyone had come into the bar within the last few minutes. Appellant was in that bar and was pointed out by the doorman as a person who had just entered. Appellant was detained by a back-up officer who obtained his I.D. and ran a warrant check on him. While they were awaiting the results of the check, the officer who stopped the vehicle arrived, but was unable to identify appellant as the fugitive. As a result of the check, appellant was arrested because of an outstanding warrant. He was placed in a patrol car and transported to the police station. Upon arrival there, appellant was taken out of the car and, as this was done, the cocaine giving rise to the prosecution was found. He subsequently gave the confession sought to be suppressed.

Appellant argues that he should have been released when the officer who stopped the car arrived at the bar and could not identify him as the individual who ran from the car. He reasons that because of this, "his *Terry*[2] detention became unreasonable and exceeded the scope [of] intrusion allowed under *Terry.*" Appellant filed a pretrial motion to suppress on this basis. Although a hearing was held on the motion, no order expressly overruling the motion appears in the record. Even so, the trial court's actions at trial, including the

---

[2] *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

2

admission of the cocaine into evidence is sufficient to constitute an implied overruling of the motion and, absent waiver, preserve the question for appellate review. *See Gutierrez v. State*, 36 S.W.3d 509, 511 (Tex. Crim. App. 2001); *Rey v. State,* 897 S.W.2d 333, 336 (Tex. Crim. App. 1995).

In considering appellant's appellate contentions, the record reveals the following colloquy when the cocaine was tendered into evidence by the State:

Prosecutor:  Your Honor, at this time, we would tender State's Exhibits Five and Five-B.

Defense Counsel:  Judge, there hadn't been anything to say that scientifically it is cocaine, but I know that is what they picked up, *and I don't object to that.* [Emphasis added.]

The general rule is that when a pretrial motion to suppress is overruled, an accused need not subsequently object to the admission of the same evidence at trial in order to preserve error. *See Gearing v. State*, 685 S.W.2d 326, 329 (Tex. Crim. App. 1985), *overruled on other grounds by Woods v. State,* 956 S.W.2d 33 (1997); *McGrew v. State*, 523 S.W.2d 679, 681 (Tex. Crim. App. 1975).  However, when the accused affirmatively states at trial that he has "no objection" to the admission of the evidence about which complaint is made on appeal, despite the pretrial ruling, he waives any error in the admission of the evidence. *See Jones v. State,* 833 S.W.2d 118, 126 (Tex. Crim. App. 1992), *cert. denied,* 507 U.S. 921, 113 S.Ct. 1285, 122 L.Ed.2d 678 (1993); *Gearing v. State*, 685 S.W.2d at 329; *Harris v. State*, 656 S.W.2d 481, 484 (Tex. Crim. App. 1983).

Because of appellant's express consent to the admission of the evidence, he has waived his right to appellate review of its admission in this direct appeal.  Appellant's issue must be, and is hereby overruled.

Accordingly, the judgment of the trial court is affirmed.


John T. Boyd
Senior Justice

Do not publish.

4