Opinion filed June 22, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed June 22, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-04-00264-CR 

                                                    __________

 

                                      WALLACE GREER, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 385th District Court

 

                                                        Midland
County, Texas

 

                                                 Trial
Court Cause No. CR29626

 



 

                                                                   O
P I N I O N

 

The jury convicted Wallace Greer of the offense of
possession of less than one gram of cocaine, a state jail felony.  The trial court assessed punishment at
confinement in a state jail facility for two years, but the court suspended the
imposition of the sentence and placed appellant on community supervision for
five years.  In conjunction with the
community supervision, the trial court ordered appellant confined for seventy-five
days or until transferred to a substance abuse felony treatment facility, where
he was to be confined for six months to one year.  We affirm. 









In his sole issue on appeal, appellant contends that
the trial court erred by failing to suppress the evidence B a crack pipe and a small amount of
crack cocaine B which
was seized during appellant=s
detention by police.  The State asserts
that appellant waived any error in the admission of this evidence.  We agree with the State.  

The record shows that appellant filed a motion to
suppress and that the trial court denied the motion.  These actions would have preserved the
suppression issue for review without further objection by appellant during the
trial.  However, when the crack pipe and
the cocaine were offered into evidence, defense counsel stated
respectively:  ANo
objection@ and AWithout objection.@ 
The exhibits were admitted into evidence.

The court of criminal appeals has held in similar
situations that the suppression issue was not preserved for review.  See Moody v. State, 827 S.W.2d
875, 889 (Tex. Crim. App. 1992); Dean v. State, 749 S.W.2d 80, 82-83
(Tex. Crim. App. 1988); Harris v. State, 656 S.W.2d 481, 484 (Tex. Crim.
App. 1983); McGrew v. State, 523 S.W.2d 679 (Tex. Crim. App. 1975).  When evidence is offered during trial and
defense counsel affirmatively represents that the defendant has Ano objection@
to the evidence, any error in the admission of the evidence is waived even if
the error had been previously preserved by a motion to suppress.  Moody, 827 S.W.2d at 889; Dean,
749 S.W.2d at 82-83; Harris, 656 S.W.2d at 484; McGrew, 523
S.W.2d at 680-81.  Because defense
counsel affirmatively stated that he had no objection to the introduction of
the crack pipe and the cocaine, we hold that appellant waived any error with
respect to the admission of that evidence. 
Consequently, we overrule appellant=s
sole issue on appeal.  

The judgment of the trial court is affirmed.  

 

JIM R. WRIGHT

CHIEF JUSTICE

 

June 22, 2006 

Do not publish.  See
Tex. R. App. P. 47.2(b). 

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.