NO. 07-06-0349-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



NOVEMBER 7, 2006


______________________________



ALEX M. FLORES, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2005-409540; HONORABLE BRADLEY S. UNDERWOOD, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

ON ABATEMENT AND REMAND


 Appellant, Alex Martinez Flores, appeals his conviction for possession of a
controlled substance (cocaine) in an amount less than 200 grams but at least four grams
and sentence of 30 years incarceration in the Institutional Division of the Texas
Department of Criminal Justice. For the reasons stated herein, we abate and remand.

 On October 19, 2006, we remanded this matter to the trial court to clarify
inconsistent sentencing dates within the judgment. On November 1, 2006, we received a
Nunc Pro Tunc Judgment clarifying the sentencing date. According to the first page of the
Nunc Pro Tunc Judgment, the "Date Sentence Imposed" is shown to be June 15, 2006. 
However, concurrent with our receipt of the Supplemental Clerk's Record containing the
Nunc Pro Tunc Judgment, this court received volume six of the reporter's record entitled
Punishment Hearing. The newly received volume of the reporter's record lists the
punishment hearing date as August 24, 2006, which raises a new inconsistency as to date
of sentencing. Because the date sentence is imposed in open court is essential in
determining the time in which an appeal may be perfected, see Tex. R. App. P. 26.2, we
now abate and remand the cause to the trial court for a determination of the date sentence
was imposed. We direct the trial court to determine: 


 the actual date on which sentence was imposed; 



 if the sentencing date in the Nunc Pro Tunc Judgment is incorrect. If
so, we direct the trial court to file with the trial court clerk a corrected
judgment accurately reflecting the date sentence was imposed; and 
 if the date of the sentencing hearing is incorrectly listed in volume six
of the reporter's record. If so, we direct the trial court to ensure that
the reporter's record accurately reflects the date of the sentencing
hearing. Tex. R. App. P. 34.6(e)(2).



 The trial court shall cause any supplemental clerk's or reporter's records resulting
from our directives above which accurately reflects the date sentence was imposed in open
court to be filed with the clerk of this court on or before December 6, 2006. 

 It is so ordered.

 Per Curiam

Do not publish. 



 an implied overruling of
the motion and, absent waiver, preserve the question for appellate review. See Gutierrez
v. State, 36 S.W.3d 509, 511 (Tex. Crim. App. 2001); Rey v. State, 897 S.W.2d 333, 336
(Tex. Crim. App. 1995).

 In considering appellant's appellate contentions, the record reveals the following
colloquy when the cocaine was tendered into evidence by the State:

 Prosecutor: Your Honor, at this time, we would tender State's Exhibits Five
and Five-B.


 Defense Counsel: Judge, there hadn't been anything to say that scientifically
it is cocaine, but I know that is what they picked up, and I don't object to that.
[Emphasis added.]


 The general rule is that when a pretrial motion to suppress is overruled, an accused
need not subsequently object to the admission of the same evidence at trial in order to
preserve error. See Gearing v. State, 685 S.W.2d 326, 329 (Tex. Crim. App. 1985),
overruled on other grounds by Woods v. State, 956 S.W.2d 33 (1997); McGrew v. State,
523 S.W.2d 679, 681 (Tex. Crim. App. 1975). However, when the accused affirmatively
states at trial that he has "no objection" to the admission of the evidence about which
complaint is made on appeal, despite the pretrial ruling, he waives any error in the
admission of the evidence. See Jones v. State, 833 S.W.2d 118, 126 (Tex. Crim. App.
1992), cert. denied, 507 U.S. 921, 113 S.Ct. 1285, 122 L.Ed.2d 678 (1993); Gearing v.
State, 685 S.W.2d at 329; Harris v. State, 656 S.W.2d 481, 484 (Tex. Crim. App. 1983).

 Because of appellant's express consent to the admission of the evidence, he has
waived his right to appellate review of its admission in this direct appeal. Appellant's issue
must be, and is hereby overruled. 

 Accordingly, the judgment of the trial court is affirmed. 


 

 John T. Boyd

 Senior Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2004). 
2. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).