Opinion filed April 5, 2007
















 
 
  
 
 







 
 
  
 
 




Opinion filed April 5, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00208-CR

                                                    __________

 

                                  JOE BRADLEY GAINES, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                         On
Appeal from the 220th District Court

 

                                                      Comanche County, Texas

 

                                          Trial
Court Cause No. CCCR-05-02773

 



 

                                                                   O
P I N I O N

 

The jury convicted Joe Bradley Gaines of the
offense of possession of less than one gram of methamphetamine.  Punishment was assessed by the trial court at
confinement in a state jail facility for two years and a fine of $1,000.  However, the trial court suspended the
confinement portion of the sentence and placed appellant on community
supervision for five years.  We affirm.  

                                                                         Issues








Appellant presents three issues for review.  In the first issue, he contends that the
trial court erred in denying his motion to suppress because of the prolonged
detention after the traffic stop.  In his
second and third issues, appellant contends that the evidence is legally and
factually insufficient to show that he knowingly possessed the methamphetamine
that was found on the passenger=s
side of appellant=s
vehicle.  

                                                     Suppression
of the Contraband

Although appellant filed a motion to suppress, the
State asserts that appellant subsequently waived any complaint regarding
suppression.  We agree.  The record shows that appellant filed the
motion and that the trial court held a pretrial hearing at which the parties
merely stipulated to the evidence: the offense report and videotape.  The trial court subsequently entered an order
denying the motion to suppress.  These
actions would have preserved the suppression issue for review without further
objection by appellant during the trial. 
At trial, however, when the State offered the items seized from
appellant=s
vehicle, defense counsel affirmatively stated, AI
have no objection, Your Honor.@  The exhibits were admitted into
evidence.  

The Court of Criminal Appeals has held in similar
situations that the suppression issue was not preserved for review.  See Moody v. State, 827 S.W.2d
875, 889 (Tex. Crim. App. 1992); Dean v. State, 749 S.W.2d 80, 82-83
(Tex. Crim. App. 1988); Harris v. State, 656 S.W.2d 481, 484 (Tex. Crim.
App. 1983); McGrew v. State, 523 S.W.2d 679 (Tex. Crim. App. 1975).  When evidence is offered during trial and
defense counsel affirmatively represents that the defendant has Ano objection@
to the evidence, any error in the admission of the evidence is waived even if
the error had been previously preserved by a motion to suppress.  Moody, 827 S.W.2d at 889; Dean,
749 S.W.2d at 82-83; Harris, 656 S.W.2d at 484; McGrew, 523
S.W.2d at 680-81.  Because defense
counsel affirmatively stated that he had no objection to the introduction of
the evidence seized from his vehicle, we hold that appellant waived any error
with respect to the admission of that evidence. 
Appellant=s first
issue is overruled.  

                                                        Sufficiency
of the Evidence

Standards of Review








In the next two issues, appellant challenges the
legal and factual sufficiency of the evidence concerning his knowing possession
of the methamphetamine.  In order to
determine if the evidence is legally sufficient, we must review all of the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S.
307 (1979); Jackson v. State, 17
S.W.3d 664 (Tex.
Crim. App. 2000).  To determine if the
evidence is factually sufficient, we must review all of the evidence in a
neutral light.  Watson v. State,
204 S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling in part Zuniga v.
State, 144 S.W.3d 477 (Tex. Crim. App. 2004)); Johnson v. State, 23
S.W.3d 1, 10-11 (Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d 404,
407-08 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 129
(Tex. Crim. App. 1996).  Then, we must
determine whether the evidence supporting the verdict is so weak that the
verdict is clearly wrong and manifestly unjust or whether the verdict is
against the great weight and preponderance of the conflicting evidence.  Watson, 204 S.W.3d at 414-15; Johnson,
23 S.W.3d at 10-11.  We must also give
due deference to the jury=s
determinations of fact, particularly those determinations concerning the weight
and credibility of the evidence.  Johnson,
23 S.W.3d at 8-9.  

In cases involving unlawful possession of a
controlled substance, the State must prove that the accused exercised care,
custody, control, or management over the substance and that the accused knew
that the matter possessed was contraband. 
Martin v. State, 753 S.W.2d 384 (Tex. Crim. App. 1988).  When the accused is not shown to have had
exclusive possession of the place where the contraband was found, the evidence
must affirmatively link the accused to the contraband.  Pollan v. State, 612 S.W.2d 594 (Tex.
Crim. App. 1981).  The Court of Criminal
Appeals has recently stated that the legal issue with respect to such Alinks@
is Awhether there was evidence of
circumstances, in addition to mere presence, that would adequately justify the
conclusion that the defendant knowingly possessed the substance.@ 
Evans v. State, 202 S.W.3d 158, 161-62 & n.9 (Tex. Crim. App.
2006).

Evidence Regarding Possession








The record in this case shows that appellant was
stopped by Trooper Jimmy Willey because appellant=s
vehicle had a defective tail lamp. 
During the traffic stop, Trooper Willey and his partner, Trooper Clint
Cole, noticed sores on appellant=s
arms that appeared to be sores related to the use of methamphetamine.  They also noticed these sores on appellant=s passenger, Phillip Glen
Blankenship.  According to Trooper Cole,
both occupants had burn marks around their mouths that were consistent with
smoking a methamphetamine pipe.  Trooper
Cole testified regarding the furtive gestures made by appellant and Blankenship
after the stop was initiated.  According
to Trooper Cole, both occupants=
heads were bobbing around and appellant=s
head disappeared from sight as he was reaching around in the vehicle.  Trooper Cole saw appellant reach across
toward the passenger side of his vehicle. 
After stopping, appellant seemed nervous.

Trooper Willey asked appellant for permission to
search the vehicle.  Appellant consented.
Instead of performing a search immediately upon receiving appellant=s consent, the troopers called for a
canine unit to perform a free air search around appellant=s vehicle.  After the drug dog alerted on both the driver=s door and the passenger=s door, Troopers Willey and Cole
conducted a search of appellant=s
vehicle.  From the driver=s side, Trooper Willey seized a plastic
tube.  From the passenger=s side, Trooper Cole seized a homemade,
glass methamphetamine pipe and a cut-off straw containing residue.  Appellant and Blankenship were arrested and
charged with possession of a controlled substance.  The plastic tube, the pipe, and the straw
were subsequently analyzed at the DPS lab. 
The pipe and the straw tested positive for methamphetamine in a trace
amount, but the tube tested negative for contraband.

Trooper Cole testified that he found the pipe
directly underneath the passenger seat. 
Trooper Cole saw the pipe in plain view after the passenger door was
opened.  According to Trooper Cole, the
pipe would have been in plain view of the passenger but not the driver.  The pipe was, however, within the driver=s reach.  The straw was seized from a pocket located
toward the bottom of the passenger door. 
The straw would not have been visible to the driver.








After reviewing all of the evidence, we hold that
the evidence is both legally and factually sufficient to support the jury=s verdict.  Although appellant was not in exclusive possession
of the place where the contraband was found, the circumstances justify the jury=s conclusion that appellant exercised
care, custody, control, or management over the substance and that he knew the
matter possessed was contraband.  The
evidence showed that the contraband was found in appellant=s vehicle, that appellant was driving
the vehicle, that appellant seemed nervous, that appellant was making furtive
gestures and reaching over to the passenger=s
side of the vehicle where the contraband was found, and that the
methamphetamine pipe was within appellant=s
reach.  Based on this evidence linking
appellant to the contraband, a rational jury could have found beyond a
reasonable doubt that appellant knowingly possessed the contraband.  Furthermore, the evidence supporting the
verdict is not so weak that the verdict is clearly wrong and manifestly unjust,
nor is the verdict against the great weight and preponderance of the
conflicting evidence  Appellant=s second and third issues are
overruled.  

                                                               This
Court=s Ruling

The judgment of the trial court is affirmed.  

 

 

TERRY McCALL

JUSTICE

 

April 5, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b). 

Panel
consists of: Wright, C.J.,

McCall,
J., and Strange, J.