COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-351-CR

 

 

MARK WORKMAN                                                               APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM THE 235TH
DISTRICT COURT OF COOKE COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

 

I.  Introduction

Appellant Mark Wayne Workman appeals his
thirty-year sentence and conviction for manufacture of methamphetamine in an
amount of 400 grams or more.  In one
point, Workman complains that the trial court erred by denying his motion to
suppress.  We will affirm.

 








II.  Factual and Procedural Background

During the pretrial hearing on Workman=s motion
to suppress, Cooke County Sheriff Deputy Greg Taylor testified that on January
24, 2005, he received a text message from an informant named Jeni Jones who
stated that she was at Workman=s house
with Areally
smelly odors.@ 
After Deputy Taylor received two or three text messages within ten or
fifteen minutes from Jones, he contacted Deputy Shane Norie, a narcotics
investigator, because Deputy Taylor believed that the crime of manufacturing
methamphetamine was being committed.  

Deputy Norie also testified at the pretrial
hearing on Workman=s motion to suppress.  He stated that meth labs pose a danger of
explosion and that his concern is destruction of the evidence.  So after receiving the call from Deputy
Taylor regarding a possible meth lab, Deputy Norie went to Workman=s
residence.  








When Deputy Norie exited his car and walked up to
Workman=s front
porch, he noticed a chemical smell, which he associated with the manufacture of
methamphetamine.  Deputy Norie knocked on
the front door, and Jones opened the door and pointed to the back of the
residence where the master bedroom and bathroom were located.  Once inside the residence, Deputy Norie
detected that the odor was stronger and saw a person at the other end of the
house.  Deputy Norie handed that person
off to another deputy.  In the bathroom
in plain view, Deputy Norie discovered a meth lab, which consisted of glass
jars and vials, a space heater, and a hot plate.  Deputy Norie found Workman in the shower, got
him dressed, took him outside, and ventilated the area.  Deputy Norie admitted that he did not get a
warrant because of the time constraints. 

At the conclusion of the testimony, Workman
argued that the warrantless search of his residence violated his rights under
the Texas and United States Constitutions and requested that everything
obtained by the deputies as a result of the search be suppressed.[2]  Thereafter, the trial court denied the motion
to suppress and agreed to draft findings of fact and conclusions of law.  Within the findings of fact and conclusions
of law, the trial court stated that it found Deputy Norie=s
testimony to be credible and that exigent circumstances existed which
reasonably excused Norie from delaying a search in order to obtain a warrant. 








During the trial, Deputy Norie testified without
objection about finding a jar, a space heater, and a dual burner in the
bathroom.  Deputy Norie also testified
that he saw jars, bowls, a hot plate, a space heater, spoons, and Coleman
fuel.  Deputy Norie mentioned that he
took photographs of this evidence, and the State offered these photographs into
evidence as State=s exhibits two through
sixteen.  Workman=s
counsel responded, AYour Honor, we have absolutely
no objection to State=s 2 through 16 inclusive, Your
Honor.@        At
the conclusion of the trial, the jury found Workman guilty of the offense of
manufacture of methamphetamine in an amount of 400 grams or more as alleged in
the indictment.  The trial court sentenced
Workman to thirty years= confinement, and this appeal
followed. 

III.  Waiver

In his sole point, Workman argues that the trial
court erred by denying his motion to suppress the evidence found at his
residence.  The State responds that
Workman waived any error when he stated that he had Aabsolutely
no objection@ to the State=s
introduction of the evidence during the trial. 








To preserve a complaint for our review, a party must have
presented to the trial court a timely request, objection, or motion that states
the specific grounds for the desired ruling if they are not apparent from the
context of the request, objection, or motion. 
Tex. R. App. P.
33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998)
(op. on reh=g), cert. denied, 526 U.S. 1070
(1999).  When a pretrial motion to
suppress is denied, the accused need not object to the admission at trial.  Moraguez v. State, 701 S.W.2d 902, 904
(Tex. Crim. App. 1986).  However, when an
accused affirmatively asserts during trial that he has Ano
objection@ to the admission of the
complained-of evidence, he waives any error in the admission of the evidence
despite the pretrial ruling.  See Dean
v. State, 749 S.W.2d 80, 83 (Tex. Crim. App. 1988).








In this case, Workman initially preserved error
at the pretrial suppression hearing. 
However, during the trial, Workman=s
counsel specifically stated that he had Aabsolutely
no objection to State=s 2 through 16 inclusive,@ which
were photographs depicting the evidence seized from Workman=s
residence. Consequently, Workman=s
statementCthat he had no objection to
having the evidence from the suppression hearing admitted during the trialCaffirmatively
waived any error.  See Dean,
749 S.W.2d at 83 (holding that issue had not been preserved for appellate
review because defense counsel specifically stated that defense had no
objection to admission of fingerprint evidence); McGrew v. State, 523
S.W.2d 679, 681 (Tex. Crim. App. 1975) (holding that appellant waived review of
admissibility of items seized during warrantless search of trunk because, after
losing at suppression hearing, defense counsel expressly stated Awe don=t have
any objections@ when the State offered the same
evidence at trial); Hardin v. State, 951 S.W.2d 208, 210 (Tex. App.CHouston
[14th Dist.] 1997, no pet.) (despite adverse ruling on pretrial motion to
suppress, appellant waived error in admission of cocaine by stating he had no
objections when prosecutor offered cocaine into evidence at trial); Espinosa
v. State, No. 08-02-00214-CR, 2004 WL 1375380, at *1-2 (Tex. App.CEl Paso
June 17, 2004, pet. ref=d) (mem. op.) (not designated
for publication) (holding that appellant affirmatively waived any error
initially preserved at pretrial hearing on motion to suppress by stating Ano
objection@ when State offered drug
paraphernalia and prescription bottles into evidence at trial).  Therefore, we overrule Workman=s sole
point, which was not preserved for appellate review.[3]


IV.  Conclusion

Having overruled Workman=s sole
point, we affirm the trial court=s
judgment.

 

SUE
WALKER

JUSTICE

 

 

PANEL B:  LIVINGSTON, DAUPHINOT, and WALKER, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED: September 27,
2007

 











[1]See Tex. R. App. P. 47.4.





[2]During Workman=s argument, the State
interjected, AJudge, we=re not arguing there was
any consent.  We don=t have to hear an
argument responding to that issue.@ 





[3]Even if the suppression
issue had been preserved, we would have concluded that the trial court did not
abuse its discretion by denying Workman=s motion to suppress based on the exigent
circumstances doctrine.  See Gutierrez
v. State, 221 S.W.3d 680, 686 (Tex. Crim. App. 2007) (holding that law
enforcement is authorized to take reasonable steps to secure the status quo
when confronted with an urgency that requires immediate police action and does
not allow for the procurement of a warrant); see also Illinois v. McArthur,
531 U.S. 326, 331-32, 121 S. Ct. 946, 950 (2001) (discussing exigent
circumstances).