NO.
12-07-00238-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

RANDY WAYNE GIBBS,    §                      APPEAL FROM THE 294TH

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      VAN
ZANDT COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Randy Wayne
Gibbs appeals his conviction of possession of a chemical precursor with intent
to manufacture methamphetamine, for which he was sentenced to imprisonment for
sixty-five years.  In one issue,
Appellant argues that the trial court erred in denying his motion to suppress
evidence.  We affirm.

 

Background

            Appellant
was charged by indictment with possession of the chemical precursor
pseudoephedrine with intent to unlawfully manufacture methamphetamine[1]
and pleaded “not guilty.”  Thereafter,
Appellant filed a motion to suppress,[2]








 arguing that evidence was seized as a result
of an unlawful detention and an unlawful search that was not supported by
reasonable suspicion.  Following an
evidentiary hearing, the trial court denied Appellant’s motion to suppress.[3]

            The
matter proceeded to jury trial.  At
trial, the State offered twenty-four exhibits comprising items seized from
Appellant’s vehicle.  In each of three
instances when such evidence was offered, Appellant expressly stated that he
had “no objection” to the admissibility of such evidence.  Ultimately, the jury found Appellant guilty
as charged.  Following a trial on
punishment, the jury found the enhancement paragraphs in the indictment to be “true”
and assessed Appellant’s punishment at imprisonment for sixty-five years and a
fine of ten thousand dollars.  The trial
court sentenced Appellant accordingly, and this appeal followed.

 

Waiver of
Denial of Motion to Suppress

            In
his sole issue, Appellant argues that the trial court erred in denying his
motion to suppress evidence.  To preserve
a complaint for our review, a party must have presented to the trial court a
timely request, objection, or motion that states the specific grounds for the
desired ruling if they are not apparent from the context of the request,
objection, or motion.  Tex. R. App. P. 33.1(a)(1); Mosley
v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g).  When a pretrial motion to suppress is denied,
the accused need not object to the admission at trial.  Moraguez v. State, 701 S.W.2d
902, 904 (Tex. Crim. App. 1986). 
However, when an accused affirmatively asserts during trial that he has “no
objection” to the admission of the complained of evidence, he waives any error
in the admission of the evidence despite the pretrial ruling.  See Dean v. State, 749 S.W.2d
80, 83 (Tex. Crim. App. 1988).

            In
the instant case, Appellant initially preserved error at the pretrial
suppression hearing. However, at trial, when the State offered exhibits 1
through 24, which comprised the evidence seized from Appellant’s car, Appellant
specifically stated that he had “no objection” to admission of such exhibits.
Consequently, we hold that by his statement that he had “no objection” to the
exhibits which were the subject of his pretrial motion to suppress, Appellant
affirmatively waived any error.  See
Dean, 749 S.W.2d at 83 (holding that issue had not been preserved
for appellate review because defense counsel specifically stated that defense
had no objection to admission of fingerprint evidence); McGrew v. State,
523 S.W.2d 679, 681 (Tex. Crim. App. 1975) (holding that appellant waived
review of admissibility of items seized during warrantless search of trunk
because, after losing at suppression hearing, defense counsel expressly stated “we
don’t have any objections” when the State offered the same evidence at trial); Hardin
v. State, 951 S.W.2d 208, 210 (Tex. App.– Houston [14th Dist.] 1997, no
pet.) (despite adverse ruling on pretrial motion to suppress, appellant waived
error in admission of cocaine by stating he had no objections when prosecutor
offered cocaine into evidence at trial); see also Workman v. State,
No. 02-06-00351-CR, 2007 WL 2792790, at *2 (Tex. App.–Fort Worth Sept. 27,
2007, no pet.) (mem. op., not designated for publication).  Appellant’s sole issue is overruled.

 

Disposition

            Having
overruled Appellant’s sole issue, we affirm the trial court’s
judgment.

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

Opinion
delivered January 31, 2008.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] See Tex.
Health & Safety Code Ann. § 481.124(a), (b)(3) (Vernon Supp. 2007).





[2]
Appellant’s motion was filed under a prior indictment and was considered by
agreement of the parties under the indictment in the instant case, which
contained enhancement paragraphs.





[3]
In support of his statement that the trial court denied his motion to suppress,
Appellant cites to a volume of the reporter’s record that is not part of the
record on appeal.  However, the parties
do not dispute that the trial court denied Appellant’s motion to suppress.