COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
| MICHAEL DWAYNE KIMMEL, | | No. 08-08-00028-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| v. | | 59th District Court |
| | § | |
| THE STATE OF TEXAS, | | of Grayson County, Texas |
| | § | |
| Appellee. | | (TC# 055487-59) |
| | § | |

**O P I N I O N**

Michael Dwayne Kimmel, Appellant, was convicted of possession, with intent to deliver, of four grams or more but less than 200 grams of cocaine, and sentenced to life imprisonment. On appeal, Appellant contends in two issues that the trial court abused its discretion by denying his motion to suppress and motion for directed verdict. We affirm.

**BACKGROUND**

On July 13, 2005, a shooting occurred outside the Brooks Manor apartment complex, in Sherman, Texas. Witness accounts alleged Appellant shot the victim with a shotgun, ran to his apartment with the shotgun, and then fled empty-handed to Fort Worth. Believing that the apartment Appellant occupied contained the murder weapon, a search warrant was secured. During the search, officers found 39.05 grams of crack cocaine on the nightstand in the bedroom. The street value of the cocaine was between $5,000 to $8,000.

**MOTION TO SUPPRESS**

Appellant first contends that the trial court erred by denying his motion to suppress the

cocaine seized from his apartment. Appellant alleges the search was illegal, claiming the officers lacked authority to enter the apartment at the time of the search since the search warrant showed that it was not issued until after the search was completed. We need not reach the merits of Appellant's complaint as he waived any error by stating that he had "no objection" when the cocaine seized from his apartment was admitted at trial.

Generally, when a pretrial motion to suppress evidence is overruled, the defendant need not subsequently object at trial to the same evidence in order to preserve error on appeal. *See Livingston v. State*, 739 S.W.2d 311, 334 (Tex. Crim. App. 1987); *Figueroa v. State*, 250 S.W.3d 490, 514 (Tex. App.–Austin 2008, pet. ref'd). However, "[a] defendant who affirmatively states, 'No objection,' when evidence is offered, waives his right to complain on appeal that the evidence was, as a matter of law, illegally obtained . . . ." *Holmes v. State*, 248 S.W.3d 194, 196 (Tex. Crim. App. 2008). Because Appellant waived any error in the admission of the cocaine seized from his apartment by stating no objection when it was offered at trial, we hold his first issue is not preserved for our review. *Holmes*, 248 S.W.3d at 200; *Dean v. State*, 749 S.W.2d 80, 83 (Tex. Crim. App. 1988); *Harris v. State*, 656 S.W.2d 481, 484 (Tex. Crim. App. 1983); *McGrew v. State*, 523 S.W.2d 679, 680-81 (Tex. Crim. App. 1975); *Traylor v. State*, 855 S.W.2d 25, 26 (Tex. App.–El Paso 1993, no pet.) (cases holding any error not preserved from adverse ruling on motion to suppress when appellant stated "no objection" when the challenged evidence was admitted at trial). Accordingly, Issue One is overruled.

**MOTION FOR DIRECTED VERDICT**

Appellant's second issue contends that the trial court abused its discretion by denying his motion for directed verdict on grounds that the State failed to link him to the cocaine found in his apartment. We disagree.

A challenge to the denial of a motion for instructed verdict is reviewed as a challenge to the legal sufficiency of the evidence. *McDuff v. State*, 939 S.W.2d 607, 613 (Tex. Crim. App.), *cert. denied*, 522 U.S. 844, 118 S.Ct. 125, 139 L.Ed.2d 75 (1997). In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Burden v. State*, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789; *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

To support a conviction for unlawful possession of a controlled substance, the State must prove that the accused (1) exercised actual care, custody, control, and management over the contraband, and (2) the accused knew the substance he possessed was contraband. *See Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995); *Menchaca v. State*, 901 S.W.2d 640, 651 (Tex. App.–El Paso 1995, pet. ref'd). By either direct or circumstantial evidence, the State "must establish, to the requisite level of confidence, that the accused's connection with the drug was more than just fortuitous." *Brown*, 911 S.W.2d at 747.

Factors that may link the accused to the drug include whether: (1) the contraband was in plain view or recovered from an enclosed place; (2) the accused was the owner of the premises or the place where the contraband was found; (3) the accused was found with a large amount of cash; (4) the contraband was conveniently accessible to the accused; (5) the contraband was found in close proximity to the accused; (6) a strong residual odor of the contraband was present; (7) the accused possessed other contraband when arrested; (8) paraphernalia to use the contraband was in view, or found on the accused; (9) the physical condition of the accused indicated recent consumption of the contraband in question; (10) conduct by the accused indicated a consciousness of guilt; (11) the accused attempted to flee; (12) the accused made furtive gestures; (13) the accused had a special connection to the contraband; (14) the occupants of the premises gave conflicting statements about relevant matters; (15) the accused made incriminating statements connecting himself to the contraband; (16) the quantity of the contraband; and (17) the accused was observed in a suspicious area under suspicious circumstances. *See Lassaint v. State*, 79 S.W.3d 736, 740-41 (Tex. App.–Corpus Christi 2002, no pet.); *Jones v. State*, 963 S.W.2d 826, 830 (Tex. App.–Texarkana 1998, pet. ref'd). The number of factors present is less important than the logical force the factors have in establishing the elements of the offense. *Hurtado v. State*, 881 S.W.2d 738, 743 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd).

In this case, the evidence showed that Appellant was living in the apartment where the cocaine was found. Although the apartment was leased under a different name, the apartment manager testified that the occupant of the apartment was Appellant and at times, his girlfriend, and Appellant's neighbor testified that he lived there. Both the manager and the neighbor stated that Appellant's girlfriend did not use or sell drugs. Inside the apartment, the officers found men's

4

clothing and shoes that Appellant was known to wear, and a piece of paper with Appellant's name on it. No feminine clothing or items were found. The cocaine was found in plain view on the nightstand next to the bed. Appellant was known to sell drugs in the area. Officer Hudman testified that the amount of cocaine found in his bedroom was large and did not indicate personal use, and that the street value of the cocaine was between $5,000 and $8,000. Further, the neighbor testified that Appellant told her that the cocaine was his and he brought it to the apartment from Fort Worth. These facts were legally sufficient to link Appellant to the cocaine. *See Figueroa*, 250 S.W.3d at 502-03 (finding sufficient links when apartment contained a large amount of cocaine, most of the cocaine was found in a bedroom that also contained defendant's personal belongings, officers observed defendant at residence while they were conducting surveillance earlier in the day, defendant was listed as an "occupant" on residential lease agreement, and defendant was the only male known to live at residence); *Villegas v. State*, 871 S.W.2d 894, 897 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd) (sufficient links found when a large amount of contraband was found in plain view in the closets of the bedrooms containing men's clothing, and defendant's vehicle registration and telephone and gas records listed the address as his even though another person owned the residence). Therefore, the trial court did not abuse its discretion by overruling Appellant's motion for directed verdict. Appellant's second issue is overruled.

## CONCLUSION

Having overruled Appellant's issues, we affirm the trial court's judgment.


GUADALUPE RIVERA, Justice

December 9, 2009

5

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)