

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-199-CR

JOSE LARA                                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

------------

### FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

## I. Introduction

Appellant Jose Lara appeals his conviction for possession of cocaine with intent to deliver, complaining in two issues that the trial court abused its discretion by admitting evidence that marihuana was found in his apartment and by including in the jury charge an instruction relating to "beyond a reasonable doubt." Because

------------

[1] See Tex. R. App. P. 47.4.

we hold that Appellant has forfeited his first issue and that his second issue has no merit, we affirm.

## II. Asserting "No Objection" Forfeits Marihuana Evidence Complaint

The State offered evidence that, in addition to the cocaine for which Appellant was indicted, officers executing a search warrant at his apartment also seized marihuana. At a bench conference, Appellant objected to the admission of an exhibit containing the seized marihuana, but when the State offered before the jury a report listing marihuana as one of the substances analyzed, Appellant stated, "No objection, Judge."

Appellant contends in his first issue that the trial court abused its discretion by overruling his objection to the marihuana exhibit because the evidence was extraneous, irrelevant, unnecessary, not properly noticed and harmful.

The State's first witness was Andrew Macey, a forensic scientist with the Texas Department of Public Safety Crime Laboratory in Garland. He testified about the contents of State's Exhibit 11, which contained a laboratory exhibit number 2 upon which he had performed chemical analysis. When the prosecutor offered State's Exhibit 11 for record purposes only, Appellant approached the bench and objected "to anything that contains the marihuana. I was not given a 404(b) motion [sic]. That is Exhibit No. 2 on this. That's not relevant to this case." Without explicitly overruling the objection, the trial court admitted State's Exhibit 11 for record purposes only.

2

When the State asked Macey for the results of his analysis performed on exhibit 2 in front of the jury, Appellant again objected on 404(b) notice and relevancy grounds. At another bench conference, the trial court confirmed that exhibit 2 was the "green leafy substance" tested by Macey. Appellant re-urged his objection on notice and relevancy grounds. The trial court overruled the objection. Macey then testified that the results of his analysis on exhibit 2, contained in State's Exhibit 11, showed that it was marihuana.

Macey further testified that State's Exhibit 12 reflects the results of his analysis on State's Exhibit 11. State's Exhibit 12 recites in pertinent part the following:

**Results of Analysis and Interpretation**

| Exhibit | Net Weight | Conclusion |
| --- | --- | --- |
| . . . | . . . | . . . |
| . . . | . . . | . . . |
| 2 | 1.84 g (0.06 oz) | Marihuana |

When the State moved to admit State's Exhibit 12, Appellant stated, "No objection, Judge," and it came in.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.[2] With two exceptions, a party must continue to object each time the

---

[2] ... Tex. R. App. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App.1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999).

objectionable evidence is offered.[3]  Absent one of these exceptions, we will not address a claim that the trial court should be reversed for overruling an objection to evidence when other such evidence was received without objection, either before or after the complained-of ruling.[4]

The first exception to the must-continue-to-object rule is when the party obtains a running objection; the second is when the party obtains a ruling on an objection made outside the presence of the jury.[5]  Appellant did not obtain a running objection, so the first exception does not apply.

We need not decide whether the second one does because when the State offered the report stating that the exhibit to which Appellant had previously objected was marihuana, Appellant affirmatively stated that he had "[n]o objection."  In *James v. State*, the court of criminal appeals held that a party forfeits review of a trial court's ruling on admissibility made outside the jury's presence if he affirmatively asserts

---

[3] *... Fuentes v. State*, 991 S.W.2d 267, 273 (Tex. Crim. App.), *cert. denied*, 528 U.S. 1026 (1999); *Ethington v. State*, 819 S.W.2d 854, 858–59 (Tex. Crim. App. 1991).

[4] *... See Wenger v. State*, 292 S.W.3d 191, 202 (Tex. App.—Fort Worth 2009, no pet.) (citing *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998); *Johnson v. State*, 803 S.W.2d 272, 291 (Tex. Crim. App. 1990), *cert. denied*, 501 U.S. 1259 (1991), *overruled on other grounds by Heitman v. State*, 815 S.W.2d 681 (Tex. Crim. App. 1991)).

[5] *... See* Tex. R. Evid. 103(a)(1).

that he has "no objection" when the evidence is offered.[6]  Given this precedent, even if we were to hold that Appellant's objections qualified for the outside-the-jury's-presence exception to the must-continue-to-object rule, we are compelled to hold that Appellant has forfeited his complaint.  Accordingly, we overrule Appellant's first issue.

### III.  No Merit to "Beyond a Reasonable Doubt" Complaint

In Appellant's second issue, he argues that the trial court erred by including a definition of "beyond a reasonable doubt" in the jury charge.  Appellant objected to the following language in the charge:  "It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all 'reasonable doubt' concerning the defendant's guilt."  The trial court overruled Appellant's objection, and this instruction was submitted to the jury.

First, the court of criminal appeals disagrees with Appellant that the objected-to language *defined* "beyond a reasonable doubt."  In *Woods v. State*,[7] the court of criminal appeals noted that it had previously criticized two paragraphs of the so-

---

[6] ... 772 S.W.2d 84, 97 (Tex. Crim. App.), *vacated on other grounds*, 493 U.S. 885 (1989); *see Harris v. State*, 656 S.W.2d 481, 484 (Tex. Crim. App. 1983); *Mayberry v. State*, 532 S.W.2d 80, 84 (Tex. Crim. App. 1976); *McGrew v. State*, 523 S.W.2d 679, 680–81 (Tex. Crim. App. 1975); *see also Tucker v. State*, 990 S.W.2d 261, 263 n.11 (Tex. Crim. App. 1999).

[7] ... 152 S.W.3d 105, 115 (Tex. Crim. App. 2004), *cert. denied*, 544 U.S. 1050 (2005).

called *Geesa* instruction[8] as attempts to define reasonable doubt but held that the identical paragraph to the one complained of in this case was proper.[9] Second, this court, on numerous occasions, and the court of criminal appeals, quite recently, have addressed the propriety of this instruction and found it not to be improper.[10] Accordingly, because we are bound by stare decisis, we overrule Appellant's second issue.

---

[8] ... *See Geesa v. State*, 820 S.W.2d 154 (Tex. Crim. App. 1991), *overruled by Paulson v. State*, 28 S.W. 3d 570, 573 (Tex. Crim. App. 2000).

[9] ... *Woods*, 152 S.W.3d at 115.

[10] ... *See, e.g., Mays v. State*, No. AP–75,924 2010 WL 1687779, at *12 (Tex. Crim. App. Apr. 28, 2010); *Woods*,152 S.W.3d at 115; *Pope v. State,* 161 S.W.3d 114, 125 (Tex. App.—Fort Worth 2004), *aff'd*, 207 S.W.3d 352 (Tex. Crim. App. 2006), *cert. denied*, 549 U.S. 1350 (2007); *Best v. State*, 118 S.W.3d 857, 865 (Tex. App.—Fort Worth 2003, no pet.).

## IV. Conclusion

Having overruled both of Appellant's issues, we affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 15, 2010