COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-199-CR

 

 

JOSE LARA                                                                                       APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

               FROM
THE 211TH DISTRICT COURT OF DENTON COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

I. 
Introduction








Appellant
Jose Lara appeals his conviction for possession of cocaine with intent to
deliver, complaining in two issues that the trial court abused its discretion
by admitting evidence that marihuana was found in his apartment and by
including in the jury charge an instruction relating to Abeyond
a reasonable doubt.@  Because we hold that Appellant has forfeited
his first issue and that his second issue has no merit, we affirm.

II. 
Asserting ANo Objection@
Forfeits Marihuana Evidence Complaint

The
State offered evidence that, in addition to the cocaine for which Appellant was
indicted, officers executing a search warrant at his apartment also seized
marihuana.  At a bench conference,
Appellant objected to the admission of an exhibit containing the seized
marihuana, but when the State offered before the jury a report listing
marihuana as one of the substances analyzed, Appellant stated, ANo
objection, Judge.@

Appellant
contends in his first issue that the trial court abused its discretion by
overruling his objection to the marihuana exhibit because the evidence was
extraneous, irrelevant, unnecessary, not properly noticed and harmful.

The
State=s
first witness was Andrew Macey, a forensic scientist with the Texas Department
of Public Safety Crime Laboratory in Garland. 
He testified about the contents of State=s
Exhibit 11, which contained a laboratory exhibit number 2 upon which he had
performed chemical analysis.  When the
prosecutor offered State=s Exhibit 11 for record
purposes only, Appellant approached the bench and objected Ato
anything that contains the marihuana.  I
was not given a 404(b) motion [sic]. 
That is Exhibit No. 2 on this. 
That=s
not relevant to this case.@  Without explicitly overruling the objection,
the trial court admitted State=s
Exhibit 11 for record purposes only.








When
the State asked Macey for the results of his analysis performed on exhibit 2 in
front of the jury, Appellant again objected on 404(b) notice and relevancy
grounds.  At another bench conference,
the trial court confirmed that exhibit 2 was the Agreen
leafy substance@ tested by Macey.  Appellant re-urged his objection on notice
and relevancy grounds.  The trial court
overruled the objection.  Macey then testified
that the results of his analysis on exhibit 2, contained in State=s
Exhibit 11, showed that it was marihuana.

Macey
further testified that State=s
Exhibit 12 reflects the results of his analysis on State=s
Exhibit 11.  State=s
Exhibit 12 recites in pertinent part the following:

Results
of Analysis and Interpretation

 

Exhibit                   Net Weight                      Conclusion

 . . .                      
. . .                                . . . 

 . . .                      
. . .                                . . . 

2                           1.84 g (0.06 oz)               Marihuana

When the State moved to
admit State=s
Exhibit 12, Appellant stated, ANo
objection, Judge,@ and it came in.








To
preserve a complaint for our review, a party must have presented to the trial
court a timely request, objection, or motion that states the specific grounds
for the desired ruling if they are not apparent from the context of the
request, objection, or motion.[2]  With two exceptions, a party must continue to
object each time the objectionable evidence is offered.[3]  Absent one of these exceptions, we will not
address a claim that the trial court should be reversed for overruling an
objection to evidence when other such evidence was received without objection,
either before or after the complained-of ruling.[4]


The
first exception to the must-continue-to-object rule is when the party obtains a
running objection; the second is when the party obtains a ruling on an
objection made outside the presence of the jury.[5]  Appellant did not obtain a running objection,
so the first exception does not apply.








We
need not decide whether the second one does because when the State offered the
report stating that the exhibit to which Appellant had previously objected was
marihuana, Appellant affirmatively stated that he had A[n]o
objection.@  In James v. State, the court of
criminal appeals held that a party forfeits review of a trial court=s
ruling on admissibility made outside the jury=s
presence if he affirmatively asserts that he has Ano
objection@
when the evidence is offered.[6]  Given this precedent, even if we were to hold
that Appellant=s
objections qualified for the outside-the-jury=s-presence
exception to the must-continue-to-object rule, we are compelled to hold that
Appellant has forfeited his complaint. 
Accordingly, we overrule Appellant=s
first issue.

III. 
No Merit to ABeyond
a Reasonable Doubt@ Complaint

In
Appellant=s
second issue, he argues that the trial court erred by including a definition of
Abeyond
a reasonable doubt@ in the jury charge.  Appellant objected to the following language
in the charge:  AIt
is not required that the prosecution prove guilt beyond all possible doubt; it
is required that the prosecution=s
proof excludes all >reasonable doubt=
concerning the defendant=s guilt.@  The trial court overruled Appellant=s
objection, and this instruction was submitted to the jury.








First,
the court of criminal appeals disagrees with Appellant that the objected-to
language defined Abeyond a reasonable doubt.@  In Woods v. State,[7]
the court of criminal appeals noted that it had previously criticized two
paragraphs of the so-called Geesa instruction[8]
as attempts to define reasonable doubt but held that the identical paragraph to
the one complained of in this case was proper.[9]  Second, this court, on numerous occasions,
and the court of criminal appeals, quite recently, have addressed the propriety
of this instruction and found it not to be improper.[10]  Accordingly, because we are bound by stare
decisis, we overrule Appellant=s
second issue.








IV. 
Conclusion

Having
overruled both of Appellant=s
issues, we affirm the trial court=s
judgment.

 

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL:  DAUPHINOT, MCCOY, and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  July 15, 2010











[1]See Tex. R. App. P. 47.4.





[2]Tex. R. App. P.
33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App.1998)
(op. on reh=g), cert. denied,
526 U.S. 1070 (1999).





[3]Fuentes v. State, 991 S.W.2d 267, 273
(Tex. Crim. App.), cert. denied, 528 U.S. 1026 (1999); Ethington v.
State, 819 S.W.2d 854, 858B59 (Tex. Crim. App.
1991).





[4]See Wenger v. State, 292 S.W.3d 191, 202
(Tex. App.CFort Worth 2009, no
pet.) (citing Leday v. State, 983 S.W.2d 713, 718 (Tex. Crim. App.
1998); Johnson v. State, 803 S.W.2d 272, 291 (Tex. Crim. App. 1990), cert.
denied, 501 U.S. 1259 (1991), overruled on other grounds by Heitman v.
State, 815 S.W.2d 681 (Tex. Crim. App. 1991)).





[5]See Tex. R. Evid.
103(a)(1).





[6]772 S.W.2d 84, 97
(Tex. Crim. App.), vacated on other grounds, 493 U.S. 885 (1989); see
Harris v. State, 656 S.W.2d 481, 484 (Tex. Crim. App. 1983); Mayberry v.
State, 532 S.W.2d 80, 84 (Tex. Crim. App. 1976); McGrew v. State,
523 S.W.2d 679, 680B81 (Tex. Crim. App.
1975); see also Tucker v. State, 990 S.W.2d 261, 263 n.11 (Tex. Crim.
App. 1999).





[7]152 S.W.3d 105, 115
(Tex. Crim. App. 2004), cert. denied, 544 U.S. 1050 (2005).





[8]See Geesa v. State, 820 S.W.2d 154
(Tex. Crim. App. 1991), overruled by Paulson v. State, 28 S.W. 3d 570,
573 (Tex. Crim. App. 2000).





[9]Woods, 152 S.W.3d at 115.





[10]See, e.g., Mays v.
State,
No. APB75,924 2010 WL
1687779, at *12 (Tex. Crim. App. Apr. 28, 2010); Woods,152 S.W.3d at
115; Pope v. State, 161 S.W.3d 114, 125 (Tex. App.CFort Worth 2004), aff'd,
207 S.W.3d 352 (Tex. Crim. App. 2006), cert. denied, 549 U.S. 1350
(2007); Best v. State, 118 S.W.3d 857, 865 (Tex. App.CFort Worth 2003, no
pet.).